1  FRANK F. SOMMERS IV, ESQ. (SBN 109012)
   ANDREW H. SCHWARTZ, ESQ. (SBN 100210)
2  SOMMERS & SCHWARTZ LLP
   550 California Street
3  The Sacramento Tower, Suite 700
   San Francisco, California 94104
4  Telephone: (415) 955-0925
   Facsimile: (415) 955-0927
5
   Attorney for Plaintiff,
6  NACIO SYSTEMS, INC.

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 NACIO SYSTEMS, INC.              )   Case No.: C 07 3481 PJH
   a Nevada corporation,           )
12                                 )
                                   )
13        Plaintiff                )   **APPLICATION, *WITHOUT NOTICE TO***
                                   )   ***DEFENDANTS*, FOR TEMPORARY**
14 v.                              )   **RESTRAINING ORDER PRESERVING**
                                   )   **EVIDENCE**
15 HERBERT GOTTLIEB, an individual; )
   SWIDENT, LLC, a California Limited )
16 liability corporation,          )   .
                                   )
17        Defendants               )
   _____ )   Hon. Phyllis J. Hamilton
18

19

20

21

22

23

24

25

26

27

28

- 1 -

# I.  Relief Requested

Plaintiff Nacio Systems, inc. ("Nacio") hereby requests that this Court issue an order, *ex parte* **without notice to defendants Herb Gottlieb or his wholly-owned company SWIdent LLC**, that:

## Preservation of Evidence

1.     Defendants Herbert Gottlieb and SWIdent Systems are not to remove or destroy any evidence from their computer systems or from their Internet Service Providers' computers, of any of the following:

(a) the presence on the personal and corporate computer systems of Nacio's GASP audit programs, or any of their component parts, including the Software Identification Database

(b) any use of that software known as GASP, or any of its component parts;

(c) any communications after January 1, 2006 between defendants and any third party about the use, purchase, maintenance, alteration or sale of GASP software or any of its components;

## Copying of Computer Storage

2.      Gottleib and SWIdent are to permit the immediate inspection and copying of all hard drives of all computers in their possession, custody and control by identified skilled experts who have undertaken many similar forensic investigations – with the actual copies of the hard drives to be held without review by such experts until further Order of this Court;

3.     A Federal Marshall shall accompany Nacio's experts to Gottlieb's and SWIdent's premises (SWident's headquarters are listed at Gottlieb's home address) to enforce this order to allow the immediate copying of the subject hard drives before any effort can be made to delete incriminating evidence; and

4.     The copies taken by the expert shall be held without Plaintiff having access thereto until the Court can have a hearing on the appropriate scope of the inquiry into their contents. In the interim, defendants' expert shall be able to examine the hard drives in order to produce a list of material defendants contend should not be subject to review as private or otherwise beyond the

scope of discovery in this action.

5.  In the Court determines not to issue the order copying the hard drive pending a hearing on the TRO application, it is requested to issue an order instructing defendants to preserve all evidence relevant to the issues framed in the Complaint herein, as set out in paragraph 1 above. Notice.

### Supporting Materials

The instant Application is supported by the following materials:

1 Declaration of Carey Daly, Nacio Senior Vice President ("*Daly Dec.*");

2.  Declaration of Murray Goldenberg, Nacio CFO ("*Goldenberg Dec")*

3. Declaration of Mikol Westling, Nacio Director of Operations ("*Westling Dec.*");

4. Declaration of Betz Burkart, Nacio GASP Project Lead Engineer ("*Burkart Dec.*");

5. Declaration of Dominic Finn, Nacio Facilities Engineer ("*Finn Dec.*");

6.  Declaration of Peter Garza, Evident Data, Inc. (*"Garza Dec."*)

7. Declaration of Frank Sommers, Nacio counsel("*Sommers Dec.*");

8. Memorandum of Points and Authorities in Support of Ex Parte TRO and Second TRO

9. Proposed Order re Preservation of Evidence.

Also filed herewith are copies of the following documents that will be served on defendants with such order as the Court sees fit to issue in connection with the instant application, so that they may prepare for such hearing as the Court sees fit to set for the second TRO application:

a,      Complaint for Copyright Infringement;

b.      Application for TRO re Copyright Infringement and for Expedited Discovery;

c.      Proposed Order for TRO re Copyright Infringement and for Expedited Discovery.

### II.  Good Cause Exists For an Application for Relief Without Notice

Good cause exists to hear the instant application for a preservation order without notice to defendants for the following reasons:

1.      Gottlieb has attempted to destroy evidence of his removal of proprietary information

from Nacio's systems prior to his departure (*Burkart Dec.* ¶ 11, *Daly Dec* ¶¶ 12-14) ;

2.      Gottlieb has taken copies of GASP, its embedded Software Identification Database ("SID") and the software that creates Registration Keys, allowing him to freely distribute the GASP software *(Daly Dec* ¶ 15; *Westling Dec* ¶¶ 3-4; Finn Dec ¶¶ 3-4 );

3.      Gottlieb has transferred proprietary information from GASP to PS'Soft,  a competitor of Nacio's. *(Burkart Dec.* ¶¶ 6-10; *Goldenberg Dec* ¶¶ 7-9);

4.      While plaintiff believes that evidence of destruction of evidence by Gottlieb after being served with a preservation order could be gleaned from defendants' computers, the content of the data destroyed could be lost, making it difficult or impossible to determine the identities of third parties to which defendants have transferred trade secrets or copyrighted information, or the extent of its use. This would cripple plaintiff's attempts to protect itself form further infringement (*Garza Dec.* ¶¶ 7-8);

5.      Defendant SWIdent appears to be operating its business out of defendant Gottlieb's house, reducing the number of computer systems from which evidence need to be destroyed to a very few systems, making it easier to scrub the systems completely. (*Sommers Dec.* ¶ 4.);

6.      Plaintiff has instructed the forensic expert who will make the copies to make mirror images of the defendants' hard drives, but then hold the copies without undertaking any analysis thereof and without permitting access by plaintiff or its counsel  until further order of this Court, allowing defendants an opportunity to be heard before their data is examined. Further, Plaintiff has instructed such expert to permit *defendants'* experts to have controlled access to the mirror images to allow the preparation of arguments about what information on the mirrored drives should not be reviewed, but should be returned to defendant. The proposed order reflects these protocols.

### III.   Definition of Injury, Showing of Irreparable Harm, Timely Application, and Balancing of Equities

The information set out below is also taken from the declaration in support submitted herewith. Since the evidentiary citations are repeated in the Memorandum in Support, in the interests of clarity they are not repeated here.

A.    **Defendants' Theft of Nacio Trade Secrets and Copyright Infringements**

As set out in the declaration of Nacio's Project Lead Engineer Betz Burkart, Herbert Gottlieb, a former employee of Nacio Systems, Inc. ("Nacio") and President of Attest Systems, Inc., has stolen from Nacio its duly copyrighted software (GASP) along with GASP's heart, the Software Identification Database. ("SID") GASP is an application that audits a computer network to determine whether the programs running on that system are validly licensed, rather than pirated versions which could subject the companies to copyright infringement liability. The SID is the 70,000 record database of unique digital 'signatures' from the machine language 'executable' files on a system, signatures that represent thousands of hours of work by the programmers that developed and maintain GASP. Gottlieb has disclosed this copyrighted software to a major competitor of Nacio's, PS'Soft, Inc.

Gottlieb has started defendant SWIdent, LLC, which offers to help customers identify the programs that remain unidentified after audit software such as GASP is run. SWIdent also requests customers send in copies of the 'executable' files on their systems so that SWIdent can construct a database of its customers' programs, facilitating later identification efforts. GASP would be highly valuable to SWIdent in performing both theses tasks. A Nacio employee has seen what appears to be portions of GASPs SID running on systems at SWIdent, which is run out of Gottlieb's house.

Gottlieb has also stolen Nacio's entire customer list and database, and other information which are all clearly protected by California's trade secret laws and common law protections, which he appears to be using to contact such customers to obtain their business for SWIdent.

B.    **Timely Application for TRO, Preservation of Evidence and Expedited Discovery**

These facts are also supported by the declaration of Carey Daly, now Senior Vice President of Nacio – an experienced and successful corporate turn-around expert hired in January 2007. Mr. Daly has been trying to deal with the myriad of problems facing Nacio, including several trials and existing lawsuits. Mr. Daly, trying to deal with the aftermath who engaged

1　counsel to bring on the subject action and application for injunctive relief as soon as he had

2　completed the initial corporate wide investigation he always undertakes in order to secure a

3　company's assets and trade secrets before moving the company forward.  Before Mr. Daly

4　became CEO of Nacio, there was no Nacio manager with the skill, experience or corporate

5　authority necessary to make arrangements to bring on this motion.

6

7

8　**C.　　Showing of Irreparable Harm**

9　　　　Irreparable harm is presumed under clear Ninth Circuit precedent based on the clear

10　copyright violations at issue.  Irreparable harm is also shown by the clear, extensive and entirely

11　unlawful competitive advantage Gottlieb and SWIdent can achieve by wrongfully utilizing GASP

12　and SID for their own benefit, to the direct and significant detriment of Nacio (*see* Berkhart and

13　Daly declarations). In addition, Gottlieb's ability to distribute copies of GASP, given his

14　possession fo the Registration Key Generator, makes immediate intervention a requirement. Only

15　by securing copies of the emails and other communications can Nacio even begin to identify and

16　pursue as-yet-unknown copyright violations.

17

18　**D.　　Showing of Need for TRO re  Evidence Preservation Order**

19　　　　The need for an order to preserve evidence - without notice to Gottlieb or SWIdent – to

20　quickly obtain copies of the programs on Gottlieb's and SWIdent's computers before they can be

21　stripped of all incriminating evidence, is also independently shown by Gottlieb's attempts to hide

22　his theft of trade secrets and copyright violations by unsuccessfully attempting to wipe clean his

23　Nacio computer so that it would not show his theft and stalking Nacio's technology expert once

24　she refused to help him with his unlawful copyright infringement and theft of trade secrets to

25　wrongfully compete with Nacio using its own software.  This need for expedited discovery

26　without notice is supported by Ninth Circuit case law directly in point where the copyright

27　infringement and theft of trade secrets can most likely be demonstrated only through a data base

28

1  search of computers from which such information can be easily and very quickly destroyed.

2

3  **E.      Balancing of the Equities**

4          The requested copying will not harm either Gottlieb or SWIdent. As is also shown by the

5  declaration of Nacio's database systems engineer, Betz Berkhart, customers of SWIdent – the

6  entity Gottlieb is now using in the software piracy identification field – do not access the

7  SWIdent's computers in real-time. The records provided have to be reviewed by SWIdent both

8  electronically and manually before final identifications of the executable files can occur. It is

9  these identifications that permit the addition of new or corrected records tot he database. Each

10  computer (Nacio believes there are four or five at SWIdent's place of business) take between

11  one to two hours to copy. This intrusion is minor compared with the need for protection shown

12  by Nacio, and the blance of the equities tips sharply in Nacio's favor.  On the other hand,

13  Gottlieb's and SWIdent's continued copyright infringement of Nacio's audit software and

14  unlawful use of Nacio trade secrets threatens continued and substantial harm to Nacio.

15                                  **V.  CONCLUSION**

16          For the reasons set forth herein and in the declarations and points and authorities submitted

17  herewith, Plaintiff Nacio Systems, Inc. respectfully submits that the proposed Temporary

18  Restraining Order Preserving Evidence and Ordering Copies should issue

19

20          Dated:

21

22                                  SOMMERS &SCHWARTZ LLP

23

24

25                                  _____
                                    By: Frank Sommers
26                                  Attorenys for Plaintiff

27

28

EX PARTE APPLICATION RE TRO ETC
Nacio Systems, Inc. v. Herbert Gottlieb et al  Case No. C 07 3481 PJH