1  FRANK F. SOMMERS IV, ESQ. (SBN 109012)
   ANDREW H. SCHWARTZ, ESQ. (SBN 100210)
2  SOMMERS & SCHWARTZ LLP
   550 California Street
3  The Sacramento Tower, Suite 700
   San Francisco, California 94104
4  Telephone: (415) 955-0925
   Facsimile: (415) 955-0927
5
   Attorney for Plaintiff,
6  NACIO SYSTEMS, INC.

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  NACIO SYSTEMS, INC. ) | Case No.: C 07 3481 PJH |
| 12  a Nevada corporation, ) | |
| | ) | |
| 13      Plaintiff ) | **SECOND APPLICATION FOR TEMPORARY** |
|     v. ) | **RESTRAINING ORDER RE COPYRIGHT** |
| 14  ) | **INFRINGEMENT** |
| 15  HERBERT GOTTLIEB, an individual; ) | . |
|     SWIDENT, LLC, a California Limited ) | Date:  _____, 2007 |
| 16  liability corporation, ) | |
|     ) | Time:  _____ |
| 17      Defendants ) | |
|     ) | Courtroom:  3, 17th Floor |
| 18  _____ ) | |
| 19  | Hon. Phyllis J Hamilton |

20

21

22

23

24

25

26

27

28

- 1 -
EX PARTE APPLICATION RE TRO ETC
Nacio Systems, Inc. v. Herbert Gottlieb et al  Case No.

1  Plaintiff Nacio Systems, inc. ("Nacio") hereby requests that this Court issue an order
2  that:
3  1. Defendants Herb Gottleib and SWIdent LLC are to cease, desist and refrain from
4  any and all attempts to use, sell, copy or disseminate or distribute GASP, its Software Identification
5  Database, the Registration Key Generator program used by Nacio to enable users to activate copies
6  of GASP or to download updates to GASP or copies of the Software Identification Database;
7  2. Gottlieb and SWIdent are to cease any acts that constitute infringement of Nacio's
8  copyrights in GASP or its component parts;
9  3. Gottlieb and Swident are to return to Nacio all copies of GASP, its Software
10 Identification Database, the GASP Registration Key generator and the Nacio and Attest customer
11 lists;
12 4. Gottlieb and SWIdent are to cease any and all contacts with individuals or entities
13 listed on the copy of Nacio's customer list taken by Gottlieb and are to return all copies of such list
14 in their possession; and
15 5. Gottlieb and SWIdent are to submit to expedited discovery in the form of:
16 a) the immediate production of computer data comprising evidence of the use,
17 transfer or sale of GASP, its component parts, or registration keys thereto, which evidence includes
18 but is not limited to :
19 1.. emails from or to the defendants that deal with GASP, the Software
20 Identification Database or the sale or use thereof;
21 2. data from the hard drives of GOttlieb and SWIdent's computers that
22 evidence the possession, use, modification, sale, licencing or transfer of GASP or any of its
23 component parts;
24 b) the production of documents evidencing the information identified in paragraphs
25 a) 1) and 2) above; and
26 c) the deposition of Mr. Gottlieb and a person most knowledgeable from SWIDent
27 about the issues that
28

**Supporting Materials**

The instant Application is supported by the following materials:

1. Declaration of Carey Daly, Nacio Senior Vice President ("*Daly Dec.*");

2. Declaration of Murray Goldenberg, Nacio CFO ("*Goldenberg Dec.*")

3. Declaration of Mikol Westling, Nacio Director of Operations ("*Westling Dec.*");

4. Declaration of Betz Burkart, Nacio GASP Project Lead Engineer ("*Burkart Dec.*");

5. Declaration of Dominic Finn, Nacio Facilities Engineer ("*Finn Dec.*");

6. Declaration of Peter Garza, Evident Data, Inc. (*"Garza Dec."*)

7. Declaration of Frank Sommers, Nacio counsel("*Sommers Dec.*");

8. Memorandum of Points and Authorities in Support of Ex Parte TRO and Second TRO

9. Proposed Order for TRO re Copyright Infringement and for Expedited Discovery.

**GROUNDS FOR RELIEF**

**IV.     Good Cause For Immediate Order Against
         Copyright Infringement And Misuse of Trade Secrets**

Good cause exists for the requested order against copyright infringement or misuse of trade secrets and for limited discovery for the following reasons:

1.      Herbert Gottlieb was the founder of Attest Systems, a company that developed GASP, a program used to audit computer systems in order to determine whether programs being run on that system are validly licensed or pirated. Gottlieb sold the name and assets of Attest to Nacio and became a Nacio employee. He left in 2006.(*Goldenberg Dec.*, ¶¶ 2-3)

2.      The core of GASP is its Software Identification Database ("SID"), a file of records developed by Attest and Nacio that are used to assist in the audit process (*Burkart Dec., ¶ 2*);

3.      GASP is copyrighted, and all rights to the program, along with all other assets of Attest, including the right to use its name, have been purchased by Nacio (*Daly Dec.*, ¶¶ 8, 10);

4.      Mr. Gottlieb has taken from Nacio, before his departure, copies of the GASP source

code, copies of the Nacio customer list, and copies of the Registration Key Generator needed to activate copies of GASP downloaded from Nacio's Web site; (*Daly Dec.*, ¶¶ 11-15); (*Burkart Dec.*, ¶¶ *7-11*); (*Goldenberg Dec.*, ¶ 9)

5. Prior to Gottlieb leaving Nacio, Nacio learned he had taken a 'consulting job' with one of Nacio's competitors, PS'Soft, which markets audit software similar to GASP. At that time, PS'Soft was engaged in negotiations to purchase the SID from Nacio. Once Nacio complained to both PS'Soft and Gottlieb, PS'Soft abruptly broke off negotiations. (*Goldenberg Dec.*, ¶¶ 7-8)

6. Gottlieb then asked one of his former Systems Engineers, Betz Burkart, a Nacio employee, to come work with him at the office of one of Nacio's biggest competitors, PS'Soft. PS'Soft uses a similar audit software. (*Burkart Dec.,* ¶ 6)

7. Gottlieb admitted to Burkart that he had been engaged by PS'Soft to update its database, and during that conversation, showed her computers in his home displaying copies of spread sheets listing what appeared to be Nacio's SID information in the same format she used to give to him at Nacio. He told her "don't tell Nacio what I told you, or I'll get I trouble." (*Burkart Dec., ¶ 8-10*)

8. Gottlieb has started SWIdent, a California LLC that offers a service to customers to help them deal with the files that remain unidentified after they run an audit program on their systems. GASP would be highly valuable to SWIdent in its efforts to reduce the manual labor needed to identify the unidentified software modules flagged by other audit software. (*Burkart Dec.,* ¶¶ 12-13)

9. Plaintiff will suffer irreparable injury if the preservation order is not issued due to the strong probability that Gottlieb will destroy evidence of transfers to third parties, making it difficult or impossible for plaintiff to identify entities that are suing the GASP copyrighted software.

10. As regards the TRO, the law presumes that copyright infringement is properly the subject of a temporary restraining order to reduce the difficulty of calculating actual damages

11. Plaintiff has met its burden showing likelihood of success on the merits by demonstrating that it is the owner of the copyrighted material, that Gottlieb removed such

- 4 -

copyrighted material, that it owns the trade secrets sued upon, and that Gottlieb has taken the same

12. There is little or no probability of harm to defendants from the preservation order, and defendant SWIdent does not run a real-time web-access service, and the copying of its systems one at a time will not interfere with its ability to service clients. (*Burkart Dec.,* ¶ 13) Neither defendant will suffer prejudice from the preservation order due to the material being held for examination pending defendants' receipt of notice and opportunity to object.

13. Plaintiff will suffer irreparable injury if the preservation order is not issued due to the strong probability that Gottlieb will destroy evidence of transfers to third parties, making it difficult or impossible for plaintiff to identify entities that are suing the GASP copyrighted software.

14. The law presumes that copyright infringement carries with it such a potential for damage that a plaintiff whose copyrights have been infringed has suffered irreparable harm for the purpose of the issuance of injunctive relief, including the immediate issuance of a Temporary Restraining Order.

15. Plaintiff has met its burden showing a fair likelihood of success on the merits by demonstrating that it is the owner of the copyrighted material, that Gottlieb removed such copyrighted material and utilized it for the purpose of a competitive venture, that Nacio owns the trade secrets sued upon, and that Gottlieb was not authorized to take or use these trade secrets as he left Nacio and thereafter but took them anyway and has contacted Nacio competitors by making use of such trade secrets.

16. There is little or no probability of harm to defendants from the preservation order since defendant SWIdent does not run a real-time web-access service, and the copying of its systems one at a time will not interfere with its ability to service clients.  Neither defendant will suffer prejudice from the preservation order due to the material being held for defendants' receipt of notice

1  and having an opportunity to contes the scope of the proposed examination order.

4  Dated: July 13, 2007

6  SOMMERS & SCHWARTZ LLP

_____
By:  Frank F. Sommers
Attorneys for Plaintiff