MARK J. RICE (SBN 124934)
McNEIL, SILVEIRA, RICE & WILEY
55 Professional Center Parkway, Suite A
San Rafael, CA  94903
Telephone: (415) 472-3434
Facsimile:  (415) 472-1298

Attorneys for Defendants HERBERT M. GOTTLIEB
and SWIDENT, LLC, a California Limited Liability Company

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIO SYSTEMS, INC., a Nevada Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>HERBERT M. GOTTLIEB, an individual; SWIDENT, LLC, a California Limited Liability Company,<br><br>        Defendant. | Case No.  C 07 3481 PJH<br><br>DECLARATION OF MARK J. RICE IN RESPONSE TO TEMPORARY RESTRAINING ORDER (WITHOUT PRIOR NOTICE) TO PRESERVE EVIDENCE AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>Date:  August 1, 2007<br>Time:  9:00 a.m.<br>Crtrm: 3, 17th Floor |

I, MARK J. RICE, declare:

1. I am attorney of record herein for Defendant Herbert M. Gottlieb and Swident, LLC.  Except as otherwise noted, I state the following from personal knowledge and could and would testify competently thereto if so required.

2. On February 7, 2007, the Marin County Superior Court, the Honorable Terence Boren was scheduled to hear Petitioner, Herbert Gottlieb's motion to confirm the arbitration award against Nacio.  The petition was granted.

I
DECLARATION OF MARK J. RICE IN RESPONSE TO TEMPORARY RESTRAINING ORDER (WITHOUT PRIOR NOTICE) TO PRESERVE EVIDENCE AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

LAW OFFICES OF
MCNEIL, SILVEIRA,
RICE & WILEY
AN ASSOCIATION INCLUDING
PROFESSIONAL CORPORATIONS

3. On or about February 6, 2007, or on the day before, I received a package from Nacio's attorneys at the time enclosing a request to accept service of a "counter suit" filed by Nacio in Marin County Superior Court on February 1, 2007, claiming unfair competition by Mr. Gottlieb. I then wrote back to opposing counsel requesting a stipulation to binding arbitration, pursuant to the binding arbitration clause of the Employment Agreement, and expressing that the subject action was frivolous and malicious. A copy of that letter, dated April 11, 2007 is attached, marked Exhibit "1" and made a part hereof by this reference. Thereafter, the Donahue Gallagher Woods' firm substituted out as counsel and new counsel, Paul Steiner, dismissed the action without prejudice.

4. Recently, your Declarant was notified on June 25, 2007 by the Sheriff that his bank levy had identified some $26,940.27 of Nacio funds in a bank account. A copy of said notification is attached, marked Exhibit "2" and made a part hereof by this reference. The within action by Nacio is on the heels of that bank levy. In your Declarant's view, this action is a reaction to those collection efforts. Nacio is again attempting to use these bogus claims as an "indirect appeal" to negotiate improved terms over satisfaction of the $240,000 judgment owed to Mr. Gottlieb.

5. I am concerned about Nacio's finances. To date, they have not paid the judgment. Prior counsel, William Green and Ariana Seldman Hawbecker of Donahue Gallagher Woods, LLP both admitted to me that Nacio was in substantial arrears to their firm, for past due fees on assigned matters. I am personally aware that Nacio has been in the midst of a large litigation in Marin County Superior Court between two factions within Nacio, or buying and selling groups associated with Nacio assets out of the prior Nacio entity which had entered into bankruptcy (I was aware of that bankruptcy as well). I also reviewed the Marin County Recorder's Office records and noted a number of unsatisfied tax liens from the IRS, State Franchise Tax Board, and other tax entities. A copy of my typewritten notes of that search of Recorder's Office records, tax entities and amounts, the recorder's number is attached, marked Exhibit "3" and made a part hereof by this reference.

6. One of Nacio's claims is that they lost sales because of alleged anti-competitive conduct by Mr. Gottlieb. Though the claim is vague and non-specific, and denied by Mr. Gottlieb, it is important to reference the arbitration testimony of Murray Goldenberg to

LAW OFFICES
OF
MCNEIL, SILVEIRA,
RICE & WILEY
AN ASSOCIATION INCLUDING
PROFESSIONAL CORPORATIONS

establish that it is outright false. Attached, marked Exhibit "4" hereto to my Declaration is a true and correct copy of excerpts of the transcript of proceedings of October 16, 2006 before the American Arbitration Association Arbitrator, John Kagel, and attended by Herbert Gottlieb and Murray Goldenberg, including page 12 where Mr. Goldenberg was sworn as an adverse witness and pages 73 through 79. In that portion of his testimony, Mr. Goldenberg made the following admissions:

    (a)    At page 74, lines 4 through 6, Mr. Goldenberg admitted that sales were not being generated because the GASP software was old and worn: "We were unable to generate sales to anyone's satisfaction because the software was old and worn, and it had to be refreshed."

    (b)    At page 75, lines 2 through 3, Mr. Goldenberg admitted the debt was due, stating: "I believe we owe him the money for the commissions. In given time, we will pay it."

    (c)    At page 75, lines 18 through 25, and page 76, 1 through 2, Mr. Goldenberg acknowledges that he is running the company as a consultant, though not the CEO or the President.

    (d)    At page 77, lines 1 through 11, Mr. Goldenberg again repeated that the software was not in a position to be aggressively marketed because it was "shop worn" and had to be renewed, and "so we could not do some of the things economically that Mr. Gottlieb wanted to do like a press tour, because there was no reason to do it until the new software became available."

    (e)    At page 78, lines 7 through 11, Mr. Goldenberg acknowledged that Mr. Gottlieb became a consultant to Nacio.

    (f)    At page 79, lines 1 through 5, Mr. Goldenberg stated: "Because cash flow is very critical, we could only pay the commissions when the cash was available" and admitted that the cash was not available today to pay the commissions.

    7.    In that hearing and before, Mr. Goldenberg was asserting these same unfair competitor claims. They are barred by rules of compulsory cross-complaint, as arising out of the same employment and consulting agreements and time frame. Further, those agreements call for binding arbitration of dispute before AAA.

LAW OFFICES OF
MCNEIL, SILVEIRA, RICE & WILEY
AN ASSOCIATION INCLUDING PROFESSIONAL CORPORATIONS

8. Obviously, if the software in October 2006 in the process of further development to be refreshed because "shop worn," Nacio's court claim that there was a drop of sales is simply false testimony. Mr. Goldenberg and Nacio are taking a position opposite in this case, than they took in the AAA arbitration, where they attempted to justify the stripping of Mr. Gottlieb's staff and the nonpayment of commissions on the grounds that it did not make sense to commit resources for sales when the Attest Division of Nacio was "shop worn" and needed to be refreshed, and was being refreshed before any new aggressive markets launch. There cannot be a "loss of sales" when, in fact, Nacio has admitted through Mr. Goldenberg, the defacto control person. Nacio made a conscious business decision to not aggressively market GASP but, instead, invest in its being "refreshed."

9. Exhibit 5 is a true and correct copy of the SEC cease and desist order against Mr. Goldenberg, prohibiting him from acting as a president or officer of certain company types, and citing various SEC violations. It is inferred that Mr. Goldenberg does not claim to be a Nacio officer, while *defacto* in charge, to skirt SEC scrutiny or claim.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of July 2007, at San Rafael, California.

_____
MARK J. RICE

LAW OFFICES OF
MCNEIL, SILVEIRA, RICE & WILEY
AN ASSOCIATION INCLUDING PROFESSIONAL CORPORATIONS