EXHIBIT 1

1  MARK J. RICE (SBN 124934)
   McNEIL, SILVEIRA, RICE & WILEY
2  55 Professional Center Parkway, Suite A
   San Rafael, CA  94903
3  Telephone: (415) 472-3434
   Facsimile:   (415) 472-1298
4
   Attorneys for Petitioner HERBERT M. GOTTLIEB
5

**FILED**

APR 2 7 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Jones, Deputy

6

7

8                      SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF MARIN - UNLIMITED CIVIL JURISDICTION

10 HERBERT M. GOTTLIEB,                  )  Case No.  CV065571
                                         )
11           Petitioner                  )  NOTICE OF ENTRY OF JUDGMENT UPON
                                         )  ORDER CONFIRMING PETITIONER'S
12 vs.                                   )  CONTRACTUAL ARBITRATION AWARD
                                         )  AGAINST NACIO SYSTEMS, INC. a Nevada
13 NACIO SYSTEMS, INC., a Nevada         )  Corporation
   Corporation; and DOES 1 TO 10,       )
14 inclusive,                            )  Date:  February 7, 2007
                                         )  Time:  9:00 a.m.
15           Respondent.                 )  Dept:  B
                                         )  Judge: Hon. Terrence R. Boren
16 _____      )

17        PLEASE TAKE NOTICE that the Court's Judgment Upon Order Confirming Petitioner's

18 Contractual Arbitration Award Against Nacio Systems, Inc., a Nevada Corporation was entered by

19 the court on April 18, 2007, and a copy of same is attached hereto and made a part hereof by this

20 reference.

21

22 Dated:  April 23, 2007                 McNEIL, SILVEIRA, RICE & WILEY

23                                        By _____
24                                                     MARK J. RICE

25                                        Attorneys for Petitioner HERBERT M. GOTTLIEB

26

27
28

LAW OFFICES
OF

1   MARK J. RICE (SBN 124934)
    McNEIL, SILVEIRA, RICE & WILEY
2   55 Professional Center Parkway, Suite A
    San Rafael, CA 94903
3   Telephone: (415) 472-3434
    Facsimile:  (415) 472-1298
4
    Attorneys for Petitioner HERBERT M. GOTTLIEB
5

FILED

APR 1 8 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9             COUNTY OF MARIN - UNLIMITED CIVIL JURISDICTION

10  HERBERT M. GOTTLIEB,                 )  Case No.  CV065571
                                         )
11            Petitioner                 )  [PROPOSED] JUDGMENT UPON ORDER
                                         )  CONFIRMING PETITIONER'S CONTRACTUAL
12  vs.                                  )  ARBITRATION AWARD AGAINST NACIO
                                         )  SYSTEMS, INC. a Nevada Corporation
13  NACIO SYSTEMS, INC., a Nevada        )
    Corporation; and DOES 1 TO 10,       )  Date:  February 7, 2007
14  inclusive,                           )  Time:  9:00 a.m.
                                         )  Dept:  B
15            Respondent.                )  Judge: Hon. Terrence R. Boren
                                         )
16  _____  )

17         THEREFORE, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that, based on

18  the underlying arbitration award issued by John Kagel, Esq. of the American Arbitration

19  Association, Case No. 74 166 0046806 DECR dated December 19, 2006 and attached to the

20  Petition to confirm Arbitration Award as Attachment 8(c), having been confirmed by this court,

21  JUDGMENT IS HEREBY ENTERED IN FAVOR OF PETITIONER HERBERT M. GOTTLIEB,

22  AGAINST NACIO SYSTEMS, INC.,  a Nevada Corporation, and Petitioner Herbert M. Gotttlieb

23  shall recover against Nacio Systems, Inc., a Nevada Corporation, the principal sum of $240,

24  811.60 as set forth on page 4 of the final Award, plus 10% interest per annum on the promissory

25  note amount therein awarded of $81, 206.03 ($22.25/day) from and after June 30, 2006 as

26  stated in the award, to date of entry of judgment; plus interest at 10% per annum on the

27  commission portion of the judgment and award of $25, 012.94 ($6.85/day) from the March 31,

28  2006, as stated in the award, to date of entry of judgment.

1

1        Plaintiff has recovered his attorneys fees and costs as prevailing party within the

2    underlying award, up through the date of final award, December 19, 2006, and is entitled to

3    recover court costs and attorneys fees thereafter as prevailing party herein.

4    SO ORDERED.

5              APR 1 8 2007                   TERRENCE R. BOREN

6    DATED: _____    _____

7                                     JUDGE OF THE SUPERIOR COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [PROPOSED] ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC.,
                                 A Nevada Corporation

28

1

2

*Herbert M. Gottlieb v. Nacio Systems, Inc.*
MARIN COUNTY SUPERIOR COURT CASE NO. CV 065571
PROOF OF SERVICE

3

4

5

The undersigned hereby declares that I am over eighteen (18) years of age, and not a party to the above-entitled action. I am a principal of the Law Offices of McNeil, Silveira, Rice & Wiley and my business address is 55 Professional Center Parkway, San Rafael, California 94903.

6

7

On the below-mentioned date, I served the document entitled: **NOTICE OF ENTRY OF JUDGMENT UPON ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC., A NEVADA CORPORATION**

8

9

10

[XXX]    *BY MAIL* on the following party(ies) in said action in accordance with CCP §1013(a) by placing a true and correct copy thereof enclosed in a sealed envelope addressed as shown below. I caused such envelope(s) with postage thereon fully prepared to be placed in the United States mail at San Rafael, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U. S. Postal Service on the same day in the ordinary course of business.

11

12

13

[    ]    *BY FACSIMILE TRANSMISSION* in accordance with CCP §1013(e) to the following party(ies) at the facsimile number(s) indicated, I caused a facsimile machine transmission to the facsimile number(s) listed below the stated person(s)' names.

14

15

[    ]    *BY OVERNIGHT DELIVERY* on the following party(ies) in said action in accordance with CCP § 1013(c) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for outgoing overnight mail, addressed as set forth below.

16

[    ]    *BY PERSONAL SERVICE* by causing such envelope(s) to be delivered by hand this date to the person(s) listed below.

17

18

19

Ariana Seldman Hawbecker, Esq.
DONAHUE GALLAGHER WOODS LLP
300 Lakeside Drive, Suite 1900
Oakland, CA  94612

Attorneys for Respondent
NACIO SYSTEMS, INC.

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

Executed on April 24, 2007, at San Rafael, California.

23

NINA VALLINDRAS

24

25

26

27

28

1    MARK J. RICE (SBN 124934)
     McNEIL, SILVEIRA, RICE & WILEY
2    55 Professional Center Parkway, Suite A
     San Rafael, CA  94903
3    Telephone:  (415) 472-3434
     Facsimile:   (415) 472-1298
4
     Attorneys for Petitioner HERBERT M. GOTTLIEB
5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF MARIN - UNLIMITED CIVIL JURISDICTION

10   HERBERT M. GOTTLIEB,                )   Case No.  CV065571
                                         )
11              Petitioner               )   NOTICE OF ENTRY OF ORDER CONFIRMING
                                         )   PETITIONER'S CONTRACTUAL
12   vs.                                 )   ARBITRATION AWARD AGAINST NACIO
                                         )   SYSTEMS, INC. a Nevada Corporation
13   NACIO SYSTEMS, INC., a Nevada       )
     Corporation; and DOES 1 TO 10,      )   Date:   February 7, 2007
14   inclusive,                          )   Time:   9:00 a.m.
                                         )   Dept:   B
15              Respondent.              )   Judge: Hon. Terrence R. Boren
                                         )
16   _____

17          PLEASE TAKE NOTICE that the Court's Order Confirming Petitioner's Contractual Arbitration

18   Award Against Nacio Systems, Inc., a Nevada Corporation was entered by the court on April 18,

19   2007, and a copy of same is attached hereto and made a part hereof by this reference.

20

21   Dated:  April 23, 2007               McNEIL, SILVEIRA, RICE & WILEY

22
                                          By _____
23                                               MARK J. RICE

24                                        Attorneys for Petitioner HERBERT M. GOTTLIEB

25

26
                                               1
27   NOTICE OF ENTRY OF ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO
                                   SYSTEMS, INC., A Nevada Corporation
28

LAW OFFICES
OF

FILED

APR 2 7 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi. Deputy

1    MARK J. RICE (SBN 124934)
     McNEIL, SILVEIRA, RICE & WILEY
2    55 Professional Center Parkway, Suite A
     San Rafael, CA  94903
3    Telephone: (415) 472-3434
     Facsimile:  (415) 472-1298
4
     Attorneys for Petitioner HERBERT M. GOTTLIEB
5

```
 _____ _____ _____  _____ _____
|  ____|  ____|  ____| |  ____|  ____|
| |____| |____| |____| | |____| |  __ \
|  ____|  ____|  ____| | |____| | |  \ |
|_|    |_|____|_|____| |_____|_|__/ /
```

**FILED**

APR 1 8 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: J. Chen, Deputy*

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF MARIN - UNLIMITED CIVIL JURISDICTION

10   HERBERT M. GOTTLIEB,              )  Case No.  CV065571
                                       )
11              Petitioner             )  [PROPOSED] ORDER CONFIRMING
                                       )  PETITIONER'S CONTRACTUAL
12   vs.                               )  ARBITRATION AWARD AGAINST NACIO
                                       )  SYSTEMS, INC. a Nevada Corporation
13   NACIO SYSTEMS, INC., a Nevada     )
     Corporation; and DOES 1 TO 10,    )  Date:  February 7, 2007
14   inclusive,                        )  Time:  9:00 a.m.
                                       )  Dept:  B
15              Respondent.            )  Judge: Hon. Terrence R. Boren
                                       )
16   _____

17         The Petition of Herbert M. Gottlieb for this court's order confirming Petitioner's

18   Contractual Arbitration Award against Respondent Nacio Systems, Inc., came on regularly for

19   hearing on February 7, 2007 at 9:00 a.m. before the Honorable Terrence R. Boren, Department

     B of the above-entitled court.   Appearing for Petitioner, Herbert M. Gottlieb was Mark J. Rice of
20
     the law firm of McNeil, Silveira, Rice & Wiley; appearing specially for Respondent Nacio
21
     Systems, Inc., A Nevada Corporation, was Ariana Seldman Hawbecker of the law firm of
22
     Donahue Gallagher Woods LLP.
           The Court issued its tentative ruling finding that no opposition had been filed, and no
23
     grounds shown to correct, vacate or dismiss the arbitration award, the court intended to confirm
24
     the award under CCP § 1286.   Said Tentative Ruling of February 7, 2007 is attached hereto as
25
     EXHIBIT A.   In accordance with local rules counsel for Respondent Nacio Systems, Inc. had
26
     notified the court and Petitioner's counsel of an intention to appear at hearing.  At the hearing,

27                                          1
     [PROPOSED] ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC.,
                                   A Nevada Corporation
28

1  counsel for Respondent Nacio Systems, Inc. did not contest the award, but sought to clarify that

2  the underlying award and petition was against Nacio Systems, Inc., a Nevada Corporation (as

3  there is apparently a California corporation also by the name of Nacio Systems, Inc.).  The
   Notice of Hearing on Petition to Confirm Petitioner's Contractual Arbitration Award, and caption,

4  identifies Nacio Systems, Inc., as a Nevada Corporation and counsel to Petitioner Herbert M.

5  Gottlieb further stipulated that based upon the testimony of Murray Goldenberg at the arbitration,

6  as well as W-2 wage statement issued to Herbert M. Gottlieb from Nacio Systems, Inc., A
   Nevada Corporation, that Nacio Systems, Inc., Respondent, is the Nevada Corporation, without

7  objection.

8        Counsel for Respondent, Nacio Systems, Inc., A Nevada Corporation, informed the Court

9  that its request for hearing was to clarify that the award and any judgment upon award would be
   against Nacio Systems, Inc., a Nevada corporation.

10       THEREFORE, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that the

11 underlying arbitration award issued by John Kagel, Esq. of the American Arbitration Association,

12 Case No. 74 166 0046806 DECR dated December 19, 2006 attached to the Petition as

13 Attachment 8(c) and attached hereto as EXHIBIT B in favor of Petitioner Herbert Gottlieb and
   against Respondent Nacio Systems, Inc., A Nevada Corporation is hereby CONFIRMED in all

14 respects

15       Further, at the time of the oral argument, counsel for Nacio Systems, Inc., A Nevada

16 Corporation moved for an order to stay enforcement of any later judgment on the grounds of
   exemption, or on the alternative grounds that Nacio Systems, Inc., A Nevada Corporation on

17 February 1, 2007 filed a related case against Petitioner Herbert M. Gottlieb with this court, Case

18 No. CV070474.  Petitioner, through counsel, opposed said oral request for stay contending that,

19 in Petitioner's view, the subject new case is also subject to the same binding arbitration clause

20 between the parties and that Petitioner would be moving this Court for its order that new case
   CV070474 returned to binding arbitration through the American Arbitration Association pursuant

21 to the parties' binding arbitration clause; and that any exemption arguments post judgment are

22 premature and that Petitioner will oppose such motion for stay.

23       Following argument over the stay request, the court denied Respondent's oral request for
   stay.

24 SO ORDERED

25 DATED: _____APR 1 8 2007_____                    TERRENCE R. BOREN

26                                                      JUDGE OF THE SUPERIOR COURT
                                                                 2
27 [PROPOSED] ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC.,
                                      A Nevada Corporation

28

1   APPROVED AS TO FORM:

2
    Dated: _____              DONAHUE GALLAGHER WOODS LLP
3

4
                                        By_____
5                                          ARIANA SELDMAN HAWBECKER

6                                       Attorneys for Respondent NACIO SYSTEMS, INC., A
7                                       Nevada Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          3
27   [PROPOSED] ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC.,
                                        A Nevada Corporation
28

# EXHIBIT A

02/06/2007 14:12    415-473-2384          MARIN SUPERIOR COURT          PAGE 01/01

# MARIN SUPERIOR COURT

DATE: 02/07/07    TIME: 9:00 A.M.    DEPT: B    CASE NO: CV065571

PRESIDING: HON. TERRENCE R. BOREN

REPORTER: SUSAN KLOTZ                    CLERK: LOUISE MORRIS

PLAINTIFF:    HERBERT M. GOTTLIEB         *M. rice    492-1298*

vs.

DEFENDANT:  NACIO SYSTEMS, INC.

NATURE OF PROCEEDINGS: MOTION – PETITION TO CONFIRM PETITIONER'S CONTRACTUAL ARBITRATION AWARD [PETR] HERBERT M. GOTTLIEB

### RULING

NO GROUNDS HAVING BEEN SHOWN TO CORRECT, VACATE, OR DISMISS THE ARBITRATOR'S AWARD, AND NO OPPOSITION TO PETITIONER GOTTLIEB'S PETITION TO CONFIRM THE ARBITRATOR'S AWARD, HAVING BEEN FILED, THE COURT CONFIRMS THE AWARD. (CCP §1286.)

# EXHIBIT B

IN ARBITRATION PROCEEDINGS PURSUANT TO THE
AGREEMENT BETWEEN THE PARTIES
AMERICAN ARBITRATION ASSOCAITION
EMPLOYMENT ARBITRATION TRIBUNAL

| | | |
|---|---|---|
| HERBERT M. GOTTLIEB, | ] | FINAL DECISION |
| | ] | of |
| Claimant, | ] | |
| | ] | JOHN KAGEL |
| and | ] | |
| | ] | Arbitrator |
| NACIO SYSTEMS, INC. formerly INTER-<br>ACTIVE HOLDINGS GROUP, INC. | ] | |
| | ] | December 13, 2006 |
| Respondent. | ] | Palo Alto, California |
| | ] | |
| Re: AAA 74 166 00468 06 DBCR | ] | |

I, John Kagel, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the personnel manual or employment agreement entered into by the above-named parties and dated May 02, 2005, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated November 6, 2006, do hereby, AWARD, as follows:

APPEARANCES:

For the Claimant: Mark J. Rice, Esq., McNeil, Silveira, Rice & Wiley,

San Rafael, CA

For the Respondent: No appearance

ISSUES:

On November 6, 2006 the Arbitrator issued a Partial Final Decision as follows:

1. Respondent shall forthwith pay Claimant the following:

1

    a. $25,012.94 commissions.

    b. $7500 waiting time penalty pursuant to Labor Code §203.

    c. $90,000 for constructive termination pursuant to Claimant's employment agreement.

    d. $81,206.03 unpaid balance on the promissory note.

    e. $5,067.75 on undelivered stock pursuant to Claimant's employment agreement.

    f. Interest on the unpaid balance of the promissory note at 6% from May 20, 2006 to June 29, 2006 of $856.83 (39 days times $21.97/day) plus 10% default rate of interest of $22.25 per day from and after June 30, 2006 until the date of payment of the balance due.

2. Respondent shall pay interest on the unpaid commissions at 10 percent, and pay reasonable attorneys' fees and costs to Claimant as prevailing party under the employment agreement and promissory note as well as required by the Labor Code. Such costs shall include fees paid to the Arbitrator and the American Arbitration Association (AAA) as calculated by the latter pursuant to AAA rules. Counsel for Claimant shall submit to the Arbitrator and Counsel for Respondent his statement of fees and costs and interest calculation on unpaid commissions. Any objections thereto shall be submitted no later than 15 days thereafter. In the event there are no objections a final order of the Arbitrator will be issued. In the event of objection, which shall

2

be set forth with specificity, the Arbitrator retains jurisdiction over the issues of fees and costs and interest calculation pursuant to this paragraph 2 only to resolve such issues.

DISCUSSION:

Claimant timely submitted his detailed data in support of costs and attorneys' fees in detail. American Arbitration Association deposits are set forth below and represent what was paid by Claimant less refunds to him. They break down as follows:

| | | |
|---|---|---|
| 1. AAA Fees (as stated below): | $ | 7025.00 |
| 2. Traditional Court Costs: | $ | 1,483.20 |
| 3. Other Expenses | $ | 47.30 |
| 4. Attorneys Fees: | $ | 7,869.96 |
| 5. Interest: | $ | 14,044.43 |
| 6. Principal: | | $208,788.72 |
| 7. Total: | | $239,258.61 |

There was no opposition filed by Respondent.

The administrative fees and expenses of the American Arbitration Association totaling $4,200.00, shall be borne by Nacio Systems, Inc., and the compensation and expenses of the arbitrator totaling $2,825.00, shall be borne by Nacio Systems, Inc. Therefore, Nacio Systems, Inc. shall reimburse Herbert Gottlieb the sum of $7,025.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Herbert M. Gottlieb, and as included in the above totals.

The claims for costs and attorneys' fees are reasonable and are payable pursuant to the Partial Final Award already rendered.

3

DEC. 19. 2005  3:02PM    (559)-490-1919

NO. 3798    P. 6/6

FINAL DECISION:

1. Claimant shall forthwith be paid by Respondent Two-hundred forty thousand eight-hundred eleven dollars and sixty cents ($240,811.60).

2. This final award resolves all claims submitted in this arbitration.

Arbitrator

IN ARBITRATION PROCEEDINGS PURSUANT TO THE
AGREEMENT BETWEEN THE PARTIES
AMERICAN ARBITRATION ASSOCAITION
EMPLOYMENT ARBITRATION TRIBUNAL

| | | |
|---|---|---|
| HERBERT M. GOTTLIEB, | ] | PARTIAL FINAL OPINION and DECISION |
| | ] | |
| | ] | of |
| Claimant, | ] | |
| | ] | |
| and | ] | JOHN KAGEL |
| | ] | |
| NACIO SYSTEMS, INC. formerly INTER-ACTIVE HOLDINGS GROUP, INC. | ] | Arbitrator |
| | ] | |
| | ] | November 6, 2006 |
| Respondent. | ] | Palo Alto, California |
| | ] | |

Re: AAA 74 166 00468 05 DECR

I, John Kagel, THE UNDERSIGNED ARBITRATOR, having been designated in accordance
with the agreements entered into by the above-named Parties, and having been duly sworn and
having duly heard the proofs and allegations of the Parties, AWARD as follows:

APPEARANCES:

For the Claimant: Mark J. Rice, Esq., McNeil, Silveira, Rice & Wiley,

San Rafael, CA

For the Respondent: William H. Green, Esq., Donahue, Gallagher,

Woods, Oakland, CA

ISSUES:

Claimant's claims are specifically discussed below:

1

## COMMISSIONS:

The Parties signed an employment agreement which provided for commissions to be paid on the next payday following the end of each calendar month when monthly cash receipts exceed $60,000. (Cl. Ex. B) Respondent acknowledges that it owes Claimant $25,012.94 as of March 31, 2006 in commissions (Cl. Ex. E, Tr. 25) and cash receipts exceeded $60,000 in April 2006. While Respondent maintained that receipts needed to exceed $60,000 monthly "on average" before commissions were payable that term, admittedly, did not appear in the employment agreement (Tr. 40) and it was not agreed to by Claimant. (Tr.41) The amounts claimed are payable under the employment agreement.

Respondent's contention that it should not be held to the letter of its agreements because it was a small concern is not supportable given its entering into the agreements that it did with their terms as they are.

A claim for commissions on renewals has been withdrawn. (Tr. 137)


## LABOR CODE VIOLATIONS:

Claimant sought and has established that waiting time penalties plus attorneys' fees are payable for failure to pay commissions when due pursuant to California Labor Code §203. The failure to do so was willful given the Respondent's insistence on nonpayment because of an admitted nonexistent agreement term, and the penalty, a month's salary of the Claimant, $7500, is due the Claimant therefor.

2

NO. 2700  P. 5/9

## CONSTRUCTIVE TERMINATION:

Under the employment agreement constructive termination is a material reduction in Claimant's salary or benefits, a material change in responsibilities, and the failure to comply with any material terms of the agreement not cured within 30 day's notice from Claimant. If any of those events occur then Claimant would receive 12 months pay, $90,000. (Cl. Ex. B.) He provided notice as required. (Cl. Ex. G)

The Claimant raised issues concerning the elimination of staff working at his direction in the Attest Division headed by him that Respondent had acquired. (Cl. Ex. F, Tr. 51, 102 *ff*) Personnel were hired and terminated without input from Claimant. (Tr. 69, 124) Other employees who had exclusively reported to Claimant were given dual responsibilities. (Tr. 72) He was required to do tasks that took him away from his primary role. (Tr. 128)

Based on the factual showing in this case with respect to failure to adhere to the employment agreement's principal terms by nonpayment of commissions and its consequent reduction in his earnings as well as the material changes in his responsibilities equate to constructive termination as defined in Claimant's employment agreement, and the Claimant is owed $90,000 pursuant to its terms therefor.

Respondent's contention that combining the $90,000 with the commission payments would amount to unjust enrichment lacks merit given the terms of the agreements. The record established that the Claimant agreed to forgo the former in the event the latter was paid, but it was not, so that the condition for that waiver was not

3

met. Respondent contention that it never agreed to that arrangement was not credible comparing its testimony to that of the Claimant.


## PROMISSORY NOTE:

Respondent gave Claimant a promissory note for $125,000 with interest at 6% per annum payable at a minimum of $1250 bi monthly. On failure to pay, on Claimant's demand, which was made, the balance due plus interest is immediately due and payable with increased interest according to its terms. (Cl. Ex. C) Accordingly, Claimant is owed $81,206.03 plus interest from May 20, 2006.


## STOCK BONUS:

Under the employment agreement stock in Nova Communications Ltd. Shares based on 4.5 times EBITDA of Attest Systems division is due. (Cl. Ex. B) The price of such stock when last sold was 5 cents per share of Encompass Holdings, the successor to Nova Communications, and the parent of the Respondent. (Cl. Ex. N, Tr. 57-58)

Claimant is a CPA. He calculated the following as described by Counsel in his closing statement:

> "The stock amounts are stayed with and calculated at — I think the proposed award at Paragraph 9 and 10 based upon the discovery that we obtained where we took the $240,000 in Attest attributed income, which was for four months, converted to a $60,000 per month average, which, by the way, I found interesting, first four months, eliminated the depreciation, which was the large of the expense, which then converted the overall balance sheet from negative to positive, determined that the Nacio

4

amount was 6 percent of the total gross income during that period of time, multiplied the 6 percent times $250,000, which was the net company income, came to $15,015.63. The stock bonus multiplier is 4.5. So took the $15,015.63, multiplied it by 4.5, which resulted in 67,570.33 shares in Nova Communications.

We're not seeking the shares. We're seeking the cash equivalent. That's why we submitted the finance stock amount of a half of 5 cents per share. So that would be for one year, the first year, $3,370.50. And then for Year 2, because Mr. Gottlieb didn't stay through a full year, stayed for approximately a half year, we cut that in half to $1,689.25.

So together that would be $5,067.75 total on the stock."

(Tr. 138)

Respondent contends that that calculation was insufficient to establish the net earnings of Attest to calculate the stock value. However, it produced no contrary evidence. Therefore the Claimant's calculation is accepted.

## ATTORNEYS' FEES:

Under the employment agreement as well as the promissory note the prevailing party in arbitration is entitled to reasonable costs and attorneys' fees. (Cl. Exs. B, C) Attorneys' fees are also due for the Labor Code §203 violation.

## PARTIAL FINAL DECISION:

1. Respondent shall forthwith pay Claimant the following:

   a. $25,012.94 commissions.

   b. $7500 waiting time penalty pursuant to Labor Code §203.

c. $90,000 for constructive termination pursuant to Claimant's employment agreement.

d. $81,206.03 unpaid balance on the promissory note.

e. $5,067.75 on undelivered stock pursuant to Claimant's employment agreement.

f. Interest on the unpaid balance of the promissory note at 6% from May 20, 2006 to June 29, 2006 of $856.83 (39 days times $21.97/day) plus 10% default rate of interest of $22.25 per day from and after June 30, 2006 until the date of payment of the balance due.

2. Respondent shall pay interest on the unpaid commissions at 10 percent, and pay reasonable attorneys' fees and costs to Claimant as prevailing party under the employment agreement and promissory note as well as required by the Labor Code. Such costs shall include fees paid to the Arbitrator and the American Arbitration Association (AAA) as calculated by the latter pursuant to AAA rules. Counsel for Claimant shall submit to the Arbitrator and Counsel for Respondent his statement of fees and costs and interest calculation on unpaid commissions. Any objections thereto shall be submitted no later than 15 days thereafter. In the event there are no objections a final order of the Arbitrator will be issued. In the event of objection, which shall be set forth with specificity, the Arbitrator retains jurisdiction over the issues

of fees and costs and interest calculation pursuant to this paragraph 2 only to

resolve such issues.

Arbitrator

7

1

2

### *Herbert M. Gottlieb v. Nacio Systems, Inc.*
### MARIN COUNTY SUPERIOR COURT CASE NO. CV 065571
### PROOF OF SERVICE

3

4    The undersigned hereby declares that I am over eighteen (18) years of age, and not a party to the above-entitled action. I am a principal of the Law Offices of McNeil, Silveira, Rice & Wiley and my business address is 55 Professional Center Parkway, San Rafael, California 94903.

5

6    On the below-mentioned date, I served the document entitled: **NOTICE OF ENTRY OF ORDER CONFIRMING PETITIONER'S CONTRACTUAL ARBITRATION AWARD AGAINST NACIO SYSTEMS, INC., A NEVADA CORPORATION**

7

8    [XXX]    ***BY MAIL*** on the following party(ies) in said action in accordance with CCP §1013(a) by placing a true and correct copy thereof enclosed in a sealed envelope addressed as shown below. I caused such envelope(s) with postage thereon fully prepared to be placed in the United States mail at San Rafael, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U. S. Postal Service on the same day in the ordinary course of business.

9

10

11

12    [   ]    ***BY FACSIMLE TRANSMISSION*** in accordance with CCP §1013(e) to the following party(ies) at the facsimile number(s) indicated, I caused a facsimile machine transmission to the facsimile number(s) listed below the stated person(s)' names.

13

14    [   ]    ***BY OVERNIGHT DELIVERY*** on the following party(ies) in said action in accordance with CCP § 1013(c) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for outgoing overnight mail, addressed as set forth below.

15

16    [   ]    ***BY PERSONAL SERVICE*** by causing such envelope(s) to be delivered by hand this date to the person(s) listed below.

17

18    Ariana Seldman Hawbecker, Esq.          Attorneys for Respondent
DONAHUE GALLAGHER WOODS LLP          NACIO SYSTEMS, INC.
300 Lakeside Drive, Suite 1900
Oakland, CA  94612

19

20    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22    Executed on April 24, 2007, at San Rafael, California.

23    _____
NINA VALLINDRAS

24

25

26

27

28