UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NACIO SYSTEMS, INC.,

    Plaintiff,

    v.

HERBERT GOTTLIEB, et al.,

    Defendants.
_____/

No. C 07-3481 PJH

**ORDER EXTENDING TERM OF JULY 18, 2007, TEMPORARY RESTRAINING ORDER; DENYING SECOND REQUEST FOR TEMPORARY RESTRAINING ORDER; AND DENYING REQUEST FOR OSC RE PRELIMINARY INJUNCTION**

        The application of plaintiff Nacio Systems, Inc. ("Nacio") for a temporary restraining order and an order to show cause re preliminary injunction came on for hearing before this court on August 1, 2007. Nacio appeared by its counsel Frank Sommers, and defendants Herbert Gottlieb ("Gottlieb") and SWIdent, LLC ("SWIdent") appeared by their counsel Mark J. Rice. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby orders as follows for the reasons stated at the hearing.

        The standards for a temporary restraining order and for a preliminary injunction are substantially the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). In general, to prevail on a motion for preliminary injunction, plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief can be granted if the plaintiff merely "demonstrate[s] . . . a combination of probable success on the merits and the possibility of irreparable injury." Id.

        However, in copyright actions, the requirement that the moving party establish the

possibility of irreparable harm has been essentially eliminated. In general, in copyright actions, a showing of a reasonable likelihood of success on the merits "raises a presumption of irreparable harm." Triad Sys. Corp. v. Southeastern Express Co., 64 F.3d 1330, 1335 (9th Cir. 1995). A party showing a reasonable likelihood of success on the merits of a copyright infringement claim is thus normally entitled to a preliminary injunction. Optinrealbig.com, LLC v. Ironport Sys., 323 F.Supp. 2d 1037, 1050 (N.D. Cal. 2004).

The temporary restraining order issued on July 18, 2007, is hereby extended for ten (court) days, until August 15, 2007. In addition, in order to preclude the inadvertent destruction of data from defendants' computer or data storage systems, defendants shall – as soon as possible, but in any event no later than August 15, 2007 – arrange for their computer forensics expert to make a "mirror image" of the hard drives on all business systems used by SWIdent, and on the desktop computer removed from Nacio by Gottlieb when he left his employment at that company.

Nacio's second application for temporary restraining order is DENIED, as Nacio has not established a likelihood of success on the merits. The request for an order to show cause re preliminary injunction is DENIED without prejudice to re-filing, as noted below.

Following the "mirror image" copying of the hard drives and the August 15, 2007, expiration of the temporary restraining order, the parties shall meet and confer in an effort to resolve their dispute. No later than September 14, 2007, the parties shall advise the court in writing of the status of the case; whether Nacio wishes to proceed with a motion for preliminary injunction; and whether the parties wish to engage in limited pre-motion discovery.

**IT IS SO ORDERED.**

Dated:  August 1, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge