```
RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
ELIZABETH J. REST, ESQ. (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Herbert Gottlieb, an individual and
SWIdent, LLC, a California Limited Liability Company
(erroneously sued as SWIdent, Inc., a limited liability corporation)
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIO SYSTEMS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HERBERT GOTTLIEB and SWIdent, INC., a California LLC,<br><br>Defendants. | CASE NO. C 07 3481 PJH<br><br>**DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS**<br><br>**FILED CONCURRENTLY:**<br>NOTICE OF MOTION AND MOTION; DECLARATION OF RICHARD J. IDELL; REQUEST FOR JUDICIAL NOTICE; [PROPOSED] ORDER<br><br>Date: October 24, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br><br>**Complaint Filed:**   July 3, 2007<br><br>**Honorable Phyllis J. Hamilton Presiding** |

I, Herbert Gottlieb, declare as follows under penalty of perjury:

1. I am a Defendant in the above action. All the matters stated herein are of my own personal knowledge and if sworn as a witness I could and would testify competently concerning the matters set forth herein.

Case No: C 07 3481 PJH

1

DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS

2. NACIO's Complaint names me and SWIdent, Inc., a California limited liability corporation. SWIdent, Inc., a California limited liability corporation does not exist. However, SWIdent, LLC is, in fact, a California limited liability company that is owned, in part, by me. SWIdent, LLC is my successor.

3. Attached hereto as Exhibit "A" is a true and correct copy of my Employment Agreement with NACIO SYSTEMS, INC. entered into on December 1, 2004. The Employment Agreement purports to be between myself, as employee, and Attest Systems, a division of Interactive Holding Group, Inc., as employer. However, Interactive Holdings Group, Inc. is a wholly-owned subsidiary of Plaintiff NACIO SYSTEMS, INC ("NACIO"). During my employment I reported directly to NACIO's President, Mr. Murray Goldenberg, and for the majority of my employment my paychecks were issued by NACIO.

4. Attached hereto as Exhibit "B" is a true and correct copy of the Promissory Note I was given by NACIO and that was a material part of my Employment Agreement. In fact, Paragraph 4.1 of my Employment Agreement states, in relevant part, "This Agreement together with the Secured Promissory Note shall be viewed as a single document." Moreover, Paragraph 7.6 of my Employment Agreement states, in relevant part, that the "Agreement, including the Secured Note Payable… constitutes the entire and only agreement between the parties relating to employment of Employee [myself] with the Company [NACIO]." The Promissory Note was payable in monthly installments of $2,500.00 each with an amortization over approximately 57 months, and payable at 6% per annum. However, in or about February of 2006, it was agreed that NACIO would accelerate payments and make payments to GOTTLIEB of $5,000.00 per month.

5. Attached hereto as Exhibit "C" is the Consulting Agreement dated April 1, 2006, between me and NACIO. Although NACIO never signed the Consulting Agreement, they made several payments to me under the Agreement.

6. Both the Employment Agreement (Exhibits "A" and "B" attached hereto) and the Consulting Agreement (Exhibit "C" attached hereto) contain arbitration clauses.

7. The arbitration clause of the Employment Agreement is found in Paragraph 7.1, and is set forth in full as follows:

Case No: C 07 3481 PJH

2

DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS

7.1   **Arbitration**

(a)   The Company [Attest Systems, a division of Interactive Holding Group, Inc.] and Employee [HERBERT M. GOTTLIEB] agree that any dispute or controversy arising out of, relating to, or in connection with this Agreement, or the interpretation, validity, construction, performance, breach, or termination thereof, shall be settled by binding arbitration, unless otherwise required by law, to be held in Marin County, California in accordance with the National Rules for Resolution of Employment Disputes then in effect of the American Arbitration Association (the "Rules"). The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive, and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The arbitrator is hereby authorized to award to the prevailing party the costs (including reasonable attorney's fees and expenses) of any such arbitration.

(b)   The arbitrator(s) shall apply California law to the merits of any dispute or claim, without reference to the rules of conflicts of law. Employee hereby consents to the personal jurisdiction of the state and federal courts located in California for any action or proceeding arising from or relating to any arbitration in which the parties are participants.

(c)   The parties may apply to any court of competent jurisdiction for a temporary restraining order, preliminary injunction, or other interim or conservatory relief, as necessary, without breach of this arbitration agreement and without abridgement of the powers of the arbitrator.

(d)   Employee understands that this Agreement does not prohibit Employee from pursuing an administrative claim with a local, state or federal administrative body such as the Department of Fair Employment and Housing, the Equal Opportunity Commission or the workers' compensation board.

(e)   EMPLOYEE HAS READ AND UNDERSTANDS THIS SECTION 7.1 WHICH, DISCUSSES ARBITRATION. EMPLOYEE UNDERSTANDS THAT BY SIGNING THIS AGREEMENT, EMPLOYEE AGREES, EXCEPT AS PROVIDED IN SECTION 7.1 (d) TO SUBMIT ANY CLAIMS ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT, OR THE INTERPRETATION, VALIDITY, CONSTRUCTION, PERFORMANCE, BREACH OR TERMINATION THEREOF TO BINDING ARBITRATION, UNLESS OTHERWISE REQUIRED BY LAW, AND THAT THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF EMPLOYEE'S RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION FO ALL DISPUTES RELATING TO ALL ASPECTS OF

EMPLOYEE'S RELATIONSHIP WITH THE COMPANY, INCLUDING BUT NOT LIMITED TO, CLAIMS OF HARASSMENT, DISCRIMINATION, WRONGFUL TERMINATION AND ANY STATUTORY CLAIMS.

8. The arbitration clause in the Consulting Agreement is found at Paragraph 9 and is set forth in full as follows:

> 9. <u>Arbitration and Equitable Relief</u>.
>
> 9.1 <u>Arbitration</u>. Consultant [GOTTLIEB] agrees that any and all controversies, claims or disputes with anyone (including the Company [NACIO, a wholly owned subsidiary of Encompass Holdings Inc., a Nevada corporation] and any employee, officer, director, shareholder or benefit plan of the Company, in its capacity as such or otherwise) arising out of, relating to or resulting from Consultant's performance of the Services under this Agreement or the termination of this Agreement, including any breach of this Agreement, shall be subject to binding arbitration. CONSULTANT AGREES TO ARBITRATE, AND THEREBY AGREES TO WAIVE ANY RIGHT TO A TRIAL BY JURY WITH RESPECT TO, THE FOLLOWING DISPUTES, INCLUDING BUT NOT LIMITED TO: ANY STATUTORY CLAIMS UNDER STATE OR FEDERAL LAW, CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, CLAIMS OF HARASSMENT, DISCRIMINATION OR WRONGFUL TERMINATION AND ANY STATUTORY CLAIMS. Consultant understands that this Agreement to arbitrate also applies to any disputes that the Company may have with Consultant.
>
> 9.2 <u>Procedure</u>. Consultant agrees that any arbitration will be administered by the American Arbitration Association ("AAA"), and that a neutral arbitrator will be selected in a manner consistent with its rules. Consultant agrees that the arbitrator will have the power to decide any motions brought by any party to the arbitration, including discovery motions, motions for summary judgment and/or adjudication and motions to dismiss and demurrers, prior to any arbitration hearing. Consultant agrees that the arbitrator will issue a written decision on the merits. Consultant also agrees that the arbitrator will have the power to award any remedies, including attorneys' fees and costs, available under applicable law. Consultant understands that the Company will pay for any administrative or hearing fees charged by the arbitrator or AAA.
>
> 9.3 <u>Remedy</u>. Except as provided under California law,

Case No: C 07 3481 PJH

4

DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS

arbitration will be the sole, exclusive and final remedy for any dispute between the Company and Consultant. Accordingly, except as provided under California law, neither the Company nor Consultant will be permitted to pursue court action regarding claims that are subject to arbitration. Notwithstanding the foregoing, the arbitrator will not have the authority to disregard or refuse to enforce any lawful Company policy, and the arbitrator shall not order or require the Company to adopt a policy not otherwise required by law which the Company has not adopted.

   9.4 <u>Administrative Relief</u>. Consultant understands that this Agreement does not prohibit Consultant from pursuing an administrative claim with a local, state or federal administrative body such as the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission or the workers' compensation board.

   9.5 <u>Voluntary Nature of Agreement</u>. Consultant acknowledges and agrees that Consultant is executing this Agreement voluntarily and without any duress or undue influence by the Company or anyone else. Consultant further acknowledges and agrees that Consultant has carefully read this Agreement and has asked any questions needed to understand the terms, consequences and binding effect of this Agreement and fully understand it, including that Consultant is waiving its right to a jury trial. Finally, Consultant agrees that Consultant has been provided an opportunity to seek the advice of an attorney of its choice before signing this Agreement.

  9. Pursuant to the above-quoted arbitration clauses contained in my Agreements with NACIO, a binding arbitration was held in or about November of 2006.

  10. Attached hereto as Exhibit "D" is a copy of the Final Decision and award from the first arbitration proceeding between myself and NACIO. The Final Decision was issued by the arbitrator on December 13, 2006.

  11. Attached hereto as Exhibit "E" is a copy of the Judgment that was entered by the Marin County Superior Court on April 18, 2007, confirming the Final Decision (see Exhibit "D") and the arbitration award.

  I declare under penalty of perjury the foregoing is true and correct and that this Declaration was executed on the 19th of September, 2007 in San Francisco, California.

               _____
               Herbert Gottlieb

Case No: C 07 3481 PJH

5

DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On September 19, 2007, I served the following document(s):

**DECLARATION OF HERBERT GOTTLIEB IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION OF ALL CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

| | |
|---|---|
| **Mark John Rice** | **Andrew H. Schwartz** |
| McNeil Silveira Rice Wiley & West | **Frank F. Sommers, IV** |
| 55 Professional Center Parkway | Sommers & Schwartz LLP |
| Suite A | 550 California Street |
| San Rafael, CA 94903 | The Sacramento Tower, Suite 700 |
| Phone: 415-472-3434 | San Francisco, CA 94104 |
| Fax: 415-472-1298 | Phone: 415-955-0925 |
| Email: markjrice@aol.com | Fax: 415-955-0927 |
| | Email: ahs@sommersschwartz.com |
| | ffs@sommersschwartz.com |

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

_Suzanne Slavens_

Suzanne Slavens