Exhibit "D"

DEC. 19. 2006  3:01PM    (559)-490-1919                                    NO. 3798   P. 1/6



American Arbitration Association
*Dispute Resolution Services Worldwide*

Western Case Management Center
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880  facsimile: 559-490-1919
internet: http://www.adr.org/

# FAX

Date: December 19, 2006

To
Mark J. Rice
McKie, Silveira, Rice, Wiley & Wes
55 Professional Center Parkway Suite A
San Rafael, CA  94903

Murray Goldenberg
Nacio Systems (formerly Interactive Holding Group, Inc.
55 Leveroni Ct
Novato, CA  94949

John Kagel, Esq.
Law Offices of John Kagel
P. O. Box 50787
Palo Alto, CA 94303

Fax Number:  (415) 472-1298,L (415) 884-7506 & (650) 325-4394

From: Denise M. Crow

Number of Pages:  (including cover) 6

Re: 74 166 00468 06 DECR
    Herbert Gottlieb
    VS
    Nacio Systems (formerly Interactive Holding Group, Inc.)

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

American Arbitration Association
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

December 19, 2006

VIA FACSIMILE & U.S. MAIL

Mark J. Rice
McNiel Silveira, Rice, Wiley & Wes
55 Professional Center Parkway Suite A
San Rafael, CA 94903

Murray Goldenberg
Nacio Systems (formerly Interactive Holding Group, Inc.
55 Leveroni Ct
Novato, CA 94949

Re: 74 166 00468 06 DECR
    Herbert Gottlieb
    VS
    Nacio Systems (formerly Interactive Holding Group, Inc.)

Dear Counsel:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the Association.

We appreciate your selection of the AAA as your alternative dispute resolution provider in this matter. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

Denise M. Crow
Case Manager
559 490 1846
Crowd@adr.org

*Supervisor Information: Noreen L. Garcia, 559 490 1867, Garcian@adr.org*

Enclosure:   Award

cc:   John Kagel, Esq.

IN ARBITRATION PROCEEDINGS PURSUANT TO THE
AGREEMENT BETWEEN THE PARTIES
AMERICAN ARBITRATION ASSOCAITION
EMPLOYMENT ARBITRATION TRIBUNAL

| | | |
|---|---|---|
| HERBERT M. GOTTLIEB, | ] | FINAL DECISION |
| | ] | |
| Claimant, | ] | of |
| | ] | |
| and | ] | JOHN KAGEL |
| | ] | |
| NACIO SYSTEMS, INC. formerly INTER- | ] | Arbitrator |
| ACTIVE HOLDINGS GROUP, INC. | ] | |
| | ] | December 13, 2006 |
| Respondent. | ] | Palo Alto, California |

Re: AAA 74 166 00468 06 DECR

I, John Kagel, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the personnel manual or employment agreement entered into by the above-named parties and dated May 02, 2005, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated November 6, 2006, do hereby, AWARD, as follows:

APPEARANCES:

For the Claimant: Mark J. Rice, Esq., McNeil, Silveira, Rice & Wiley, San Rafael, CA

For the Respondent: No appearance

ISSUES:

On November 6, 2006 the Arbitrator issued a Partial Final Decision as follows:

1. Respondent shall forthwith pay Claimant the following:

1

    a. $25,012.94 commissions.

    b. ~~$7500 waiting time penalty pursuant to Labor Code §203.~~

    c. $90,000 for constructive termination pursuant to Claimant's employment agreement.

    d. $81,206.03 unpaid balance on the promissory note.

    e. $5,067.75 on undelivered stock pursuant to Claimant's employment agreement.

    f. Interest on the unpaid balance of the promissory note at 6% from May 20, 2006 to June 29, 2006 of $856.83 (39 days times $21.97/day) plus 10% default rate of interest of $22.25 per day from and after June 30, 2006 until the date of payment of the balance due.

2. Respondent shall pay interest on the unpaid commissions at 10 percent, and pay reasonable attorneys' fees and costs to Claimant as prevailing party under the employment agreement and promissory note as well as required by the Labor Code. Such costs shall include fees paid to the Arbitrator and the American Arbitration Association (AAA) as calculated by the latter pursuant to AAA rules. Counsel for Claimant shall submit to the Arbitrator and Counsel for Respondent his statement of fees and costs and interest calculation on unpaid commissions. Any objections thereto shall be submitted no later than 15 days thereafter. In the event there are no objections a final order of the Arbitrator will be issued. In the event of objection, which shall

2

be set forth with specificity, the Arbitrator retains jurisdiction over the issues of fees and costs and interest calculation pursuant to this paragraph 2 only to resolve such issues.

DISCUSSION:

Claimant timely submitted his detailed data in support of costs and attorneys' fees in detail. American Arbitration Association deposits are set forth below and represent what was paid by Claimant less refunds to him. They break down as follows:

1. AAA Fees (as stated below):   $ 7025.00
2. Traditional Court Costs;      $ 1,483.20
3. Other Expenses                $    47.30
4. Attorneys Fees:               $ 7,869.96
5. Interest:                     $ 14,044.43
6. Principal:                    $208,788.72
7. Total:                        $239,258.61

There was no opposition filed by Respondent.

The administrative fees and expenses of the American Arbitration Association totaling $4,200.00, shall be borne by Nacio Systems, Inc., and the compensation and expenses of the arbitrator totaling $2,825.00, shall be borne by Nacio Systems, Inc. Therefore, Nacio Systems, Inc. shall reimburse Herbert Gottlieb the sum of $7,025.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Herbert M. Gottlieb, and as included in the above totals.

The claims for costs and attorneys' fees are reasonable and are payable pursuant to the Partial Final Award already rendered.

3

FINAL DECISION:

1. Claimant shall forthwith be paid by Respondent Two-hundred forty thousand eight-hundred eleven dollars and sixty cents ($240,811.60).

2. This final award resolves all claims submitted in this arbitration.

*[signature]*
Arbitrator

4



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Western Case Management Center
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

# FAX

Date: November 10, 2006

To
Mark J. Rice
McNiel, Silveira, Rice, Wiley & Wes
55 Professional Center Parkway Suite A
San Rafael, CA 94903

Murray Goldenberg
Nacio Systems (formerly Interactive Holding Group, Inc.)
55 Leveroni Ct
Novato, CA 94949

John Kagel, Esq.
Law Offices of John Kagel
P.O. Box 50787
Palo Alto, CA 94303

Fax Number: (415) 472-1298, (415) 898-6623 & (650) 325-4394

From: Denise M. Crow

Number of Pages: (including cover) 9

Re: 74 166 00468 06 DECR
    Herbert Gottlieb
    VS
    Nacio Systems (formerly Interactive Holding Group, Inc.)

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

NOV. 10. 2006  4:04PM    (559)-490-1919                              NO. 2700   P. 2/9



American Arbitration Association
*Dispute Resolution Services Worldwide*

Western Case Management Center
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

November 10, 2006

VIA FACSIMILE ONLY

Mark J. Rice
McNiel, Silveira, Rice, Wiley & Wes
55 Professional Center Parkway Suite A
San Rafael, CA 94903

Murray Goldenberg
Nacio Systems (formerly Interactive Holding Group, Inc.)
55 Leveroni Ct
Novato, CA 94949

Re: 74 166 00468 06 DECR
    Herbert Gottlieb
    VS
    Nacio Systems (formerly Interactive Holding Group, Inc.)

Dear Counsel:

Please note that this letter will supersede the Associations letter dated November 9, 2006.

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator.

This will confirm hearings in the above matter were held on October 16, 2006, and the following arrangements were made:

Claimant shall file its statement of fees, costs and interest calculations on unpaid commissions by November 27, 2006.

Respondent shall file its reply brief by December 12, 2006.

Upon the filing of final briefs, the arbitrator will declare the hearings closed and will have 30 days from that date in which to render the Award.

Sincerely,

*Denise Crow*

Denise M. Crow
Case Manager
559 490 1846
Crowd@adr.org

Supervisor Information: Noreen L. Garcia, 559 490 1867, Garcian@adr.org

Enclosure:   Award

cc:   John Kagel, Esq.

IN ARBITRATION PROCEEDINGS PURSUANT TO THE
AGREEMENT BETWEEN THE PARTIES
AMERICAN ARBITRATION ASSOCAITION
EMPLOYMENT ARBITRATION TRIBUNAL

| | |
|---|---|
| HERBERT M. GOTTLIEB, | PARTIAL FINAL OPINION and DECISION |
| Claimant, | of |
| and | JOHN KAGEL |
| NACIO SYSTEMS, INC. formerly INTER-ACTIVE HOLDINGS GROUP, INC. | Arbitrator |
| Respondent. | November 6, 2006 |
| | Palo Alto, California |

Re: AAA 74 166 00468 05 DECR

I, John Kagel, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the agreements entered into by the above-named Parties, and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD as follows:

APPEARANCES:

For the Claimant: Mark J. Rice, Esq., McNeil, Silveira, Rice & Wiley, San Rafael, CA

For the Respondent: William H. Green, Esq., Donahue, Gallagher, Woods, Oakland, CA

ISSUES:

Claimant's claims are specifically discussed below:

1

COMMISSIONS:

The Parties signed an employment agreement which provided for commissions to be paid on the next payday following the end of each calendar month when monthly cash receipts exceed $60,000. (Cl. Ex. B) Respondent acknowledges that it owes Claimant $25,012.94 as of March 31, 2006 in commissions (Cl. Ex. E, Tr. 25) and cash receipts exceeded $60,000 in April 2006. While Respondent maintained that receipts needed to exceed $60,000 monthly "on average" before commissions were payable that term, admittedly, did not appear in the employment agreement (Tr. 40) and it was not agreed to by Claimant. (Tr.41) The amounts claimed are payable under the employment agreement.

Respondent's contention that it should not be held to the letter of its agreements because it was a small concern is not supportable given its entering into the agreements that it did with their terms as they are.

A claim for commissions on renewals has been withdrawn. (Tr. 137)

LABOR CODE VIOLATIONS:

Claimant sought and has established that waiting time penalties plus attorneys' fees are payable for failure to pay commissions when due pursuant to California Labor Code §203. The failure to do so was willful given the Respondent's insistence on nonpayment because of an admitted nonexistent agreement term, and the penalty, a month's salary of the Claimant, $7500, is due the Claimant therefor.

2

## CONSTRUCTIVE TERMINATION:

Under the employment agreement constructive termination is a material reduction in Claimant's salary or benefits, a material change in responsibilities, and the failure to comply with any material terms of the agreement not cured within 30 day's notice from Claimant. If any of those events occur then Claimant would receive 12 months pay, $90,000. (Cl. Ex. B.) He provided notice as required. (Cl. Ex. G)

The Claimant raised issues concerning the elimination of staff working at his direction in the Attest Division headed by him that Respondent had acquired. (Cl. Ex. F, Tr. 51, 102 *ff*) Personnel were hired and terminated without input from Claimant. (Tr. 69, 124) Other employees who had exclusively reported to Claimant were given dual responsibilities. (Tr. 72) He was required to do tasks that took him away from his primary role. (Tr. 128)

Based on the factual showing in this case with respect to failure to adhere to the employment agreement's principal terms by nonpayment of commissions and its consequent reduction in his earnings as well as the material changes in his responsibilities equate to constructive termination as defined in Claimant's employment agreement, and the Claimant is owed $90,000 pursuant to its terms therefor.

Respondent's contention that combining the $90,000 with the commission payments would amount to unjust enrichment lacks merit given the terms of the agreements. The record established that the Claimant agreed to forgo the former in the event the latter was paid, but it was not, so that the condition for that waiver was not

3

met. Respondent contention that it never agreed to that arrangement was not credible comparing its testimony to that of the Claimant.

## PROMISSORY NOTE:

Respondent gave Claimant a promissory note for $125,000 with interest at 6% per annum payable at a minimum of $1250 bi monthly. On failure to pay, on Claimant's demand, which was made, the balance due plus interest is immediately due and payable with increased interest according to its terms. (Cl. Ex. C) Accordingly, Claimant is owed $81,206.03 plus interest from May 20, 2006.

## STOCK BONUS:

Under the employment agreement stock in Nova Communications Ltd. Shares based on 4.5 times EBITDA of Attest Systems division is due. (Cl. Ex. B) The price of such stock when last sold was 5 cents per share of Encompass Holdings, the successor to Nova Communications, and the parent of the Respondent. (Cl. Ex. N, Tr. 57-58)

Claimant is a CPA. He calculated the following as described by Counsel in his closing statement:

> "The stock amounts are stayed with and calculated at -- I think the proposed award at Paragraph 9 and 10 based upon the discovery that we obtained where we took the $240,000 in Attest attributed income, which was for four months, converted to a $60,000 per month average, which, by the way, I found interesting, first four months, eliminated the depreciation, which was the large of the expense, which then converted the overall balance sheet from negative to positive, determined that the Nacio

4

amount was 6 percent of the total gross income during that period of time, multiplied the 6 percent times $250,000, which was the net company income, came to $15,015.63. The stock bonus multiplier is 4.5. So took the $15,015.63, multiplied it by 4.5, which resulted in 67.570.33 shares in Nova Communications.

We're not seeking the shares. We're seeking the cash equivalent. That's why we submitted the finance stock amount of a half of 5 cents per share. So that would be for one year, the first year, $3,370.50. And then for Year 2, because Mr. Gottlieb didn't stay through a full year, stayed for approximately a half year, we cut that in half to $1,689.25.

So together that would be $5,067.75 total on the stock."

(Tr. 138)

Respondent contends that that calculation was insufficient to establish the net earnings of Attest to calculate the stock value. However, it produced no contrary evidence. Therefore the Claimant's calculation is accepted.

ATTORNEYS' FEES:

Under the employment agreement as well as the promissory note the prevailing party in arbitration is entitled to reasonable costs and attorneys' fees. (Cl. Exs. B, C) Attorneys' fees are also due for the Labor Code §203 violation.

PARTIAL FINAL DECISION:

1. Respondent shall forthwith pay Claimant the following:

   a. $25,012.94 commissions.

   b. $7500 waiting time penalty pursuant to Labor Code §203.

5

    c. $90,000 for constructive termination pursuant to Claimant's employment agreement.

    d. $81,206.03 unpaid balance on the promissory note.

    e. $5,067.75 on undelivered stock pursuant to Claimant's employment agreement.

    f. Interest on the unpaid balance of the promissory note at 6% from May 20, 2006 to June 29, 2006 of $856.83 (39 days times $21.97/day) plus 10% default rate of interest of $22.25 per day from and after June 30, 2006 until the date of payment of the balance due.

2. Respondent shall pay interest on the unpaid commissions at 10 percent, and pay reasonable attorneys' fees and costs to Claimant as prevailing party under the employment agreement and promissory note as well as required by the Labor Code. Such costs shall include fees paid to the Arbitrator and the American Arbitration Association (AAA) as calculated by the latter pursuant to AAA rules. Counsel for Claimant shall submit to the Arbitrator and Counsel for Respondent his statement of fees and costs and interest calculation on unpaid commissions. Any objections thereto shall be submitted no later than 15 days thereafter. In the event there are no objections a final order of the Arbitrator will be issued. In the event of objection, which shall be set forth with specificity, the Arbitrator retains jurisdiction over the issues

of fees and costs and interest calculation pursuant to this paragraph 2 only to resolve such issues.

*[signature]*
Arbitrator

| PETITIONER/PLAINTIFF: HERBERT M. GOTTLIEB | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: INTERACTIVE HOLDINGS GROUP, INC., a C | |

ATTACHMENT 10(g)

Foreclosure on Note Collateral and UCC-1

Petitioner's rights on the unpaid promissory note include a right to foreclose upon all of the assets of Attest Division of Respondent Nacio Systems, Inc., which rights are secured by a UCC-1 Financing Statement recorded in favor of Claimant Herbert M. Gottlieb. Those assets are listed, along with the Note, at Attachment 4(b). Therefore, Judgment Upon Confirmation of the Arbitration Award shall include a Judgment of Foreclosure of the Attest Division assets, based upon the Arbitrator's determination that the Note was accelerated, unpaid and in default.

Legal Solutions Plus