```
 1  FRANK F. SOMMERS IV, ESQ. (SBN 109012)
    ANDREW H. SCHWARTZ, ESQ. (SBN 100210)
 2  SOMMERS & SCHWARTZ LLP
    550 California Street
 3  The Sacramento Tower, Suite 700
    San Francisco, California 94104
 4  Telephone: (415) 955-0925
    Facsimile: (415) 955-0927
 5
    Attorney for Plaintiff,
 6  NACIO SYSTEMS, INC.
```

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIO SYSTEMS, INC. a Nevada corporation, <br><br> Plaintiff <br> v. <br><br> HERBERT GOTTLIEB, an individual; SWIDENT, LLC, a California Limited liability corporation, <br><br> Defendants | Case No.: C 07 3481 PJH <br><br> **DECLARATION OF MURRAY GOLDENBERG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR STAY AND COMPELLING ARBITRATION** <br><br> **Date:** October 24, 2007 <br> **Time:** 9:00 a.m. <br> **Dept.:** Courtroom 3, 17th Fl. <br><br> **Complaint filed:** July 3, 2007 <br><br> **Hon. Phyllis J. Hamilton** |

I, Murray Goldenberg, say:

1. I am currently a financial consultant to Nacio Systems, Inc, and have been since 2002. I am also the Treasurer of Encompass Holdings, Inc., a holding company that acquires various technology and other companies for investment and management purposes.

2. Encompass Holdings bought the assets of Attest Systems, Inc from the assignee for the benefit of creditors to which Attest had transferred them. Those assets subsequently were transferred to Nacio Systems, Inc, a Nevada Corporation ("Nacio") In 2006 The Encompass Board of Directors authorized the spin off of Nacio into a stand-alone entity, but that has not yet occurred.

3. Herb Gottlieb, the former president of Attest, was hired by Nacio (NV) to manage the Attest business, comprising the licensing, sale and maintenance of the GASP software application, which audits computer systems to determine if the various application programs found thereon are validly licensed or pirated copies.

4. Mr. Gottlieb informed me in February that he believed he had been constructively terminated by a recent management reorganization. He and I negotiated a severance agreement, which I signed effective February 21st. A true and correct copy of that February 21st, 2006 agreement is attached hereto as Exhibit A. Mr. Gottlieb left the company at the end of March, 2006.

5. After Mr. Gottlieb left, he requested that Nacio enter into a consulting agreement that he had drafted. I have been shown a copy of the Consulting Agreement that is attached as Exhibit C to Mr. Gottlieb's declaration in support of this motion, and that is the document I am referring to.

6. I did not sign the consulting Agreement, as I objected to many of its terms, including the length of the proposed engagement. Nacio only needed Mr. Gottlieb to facilitate the turn-over of GASP customer accounts, something I did not think required very much work, and which did not justify the Consulting Agreement's terms. I told Mr. Gottlieb that I would not enter

1  into the consulting engagement.  I also informed Mr. Gottlieb that even though I would not sign
2  the agreement, Nacio would pay him the hourly rate requested for the work of handling the
3  turnover calls and emails, by referring the customers to the appropriate Nacio employees. .
4          7. I attended the arbitration that took place in 2006 brought by Mr Gottlieb against Nacio.
5  As part of the preparation for that hearing I saw a copy of a letter from Mr. Gottlieb's attorney
6  Mr. Rice to William Green, our counsel, setting out their demands under the severance
7  agreement and the employment contract. A true and correct copy of that letter is attached hereto
8  as Exhibit B.  At that arbitration he argued that his rights under the Employment Agreement and
9  the Termination Agreement had been violated. He ultimately prevailed on those claims.

11     I declare under penalty of perjury under the laws of the Untied States that the foregoing is
12  true and correct and that this declaration was executed on October 3, 2006 in Novato California.

_____
Murray Goldenberg