RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
ELIZABETH J. REST, ESQ. (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Herbert Gottlieb, an individual and
SWIdent, LLC, a California Limited Liability Company
(erroneously sued as SWIdent, Inc., a limited liability corporation)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACIO SYSTEMS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HERBERT GOTTLIEB and SWIdent, INC., a California limited liability corporation,<br><br>Defendants. | CASE NO. C 07 3481 PJH<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION**<br><br>**Date:** October 24, 2007<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 3, 17th Floor<br><br>**Complaint Filed:**   July 3, 2007<br><br>**Honorable Phyllis J. Hamilton Presiding** |

COMES NOW, Defendants HERBERT GOTTLIEB ("GOTTLIEB") and SWIDENT, LLC, a California limited liability company (erroneously sued as SWIdent, Inc., a limited liability corporation) ("SWIDENT") (hereinafter collectively referred to as "Defendants"), and files this reply to opposition to their motion for order staying litigation as follows:

I.   **INTRODUCTION AND SUMMARY OF REPLY:**

The gravamen of the opposition to Defendants' Motion Staying Litigation and Compelling Arbitration is that: (1) Defendants have not established the existence of a valid written arbitration agreement, and (2) Defendants are collaterally estopped from pursuing arbitration now because they

1

successfully arbitrated an earlier employment dispute between the parties and the Employment Agreement is "terminated." As discussed below, both of these positions are completely without merit.

It is undisputed that the Employment Agreement, which was executed by both parties, contains a valid arbitration provision. As briefed more fully in the underlying Motion, the Employment Agreement provides for arbitration of:

> "any dispute or controversy <u>arising out of</u>, <u>relating to</u>, or <u>in connection with</u> this [Employment] Agreement, or the interpretation, validity, construction, performance, breach, or termination thereof."

Declaration of Herbert Gottlieb in Support of Motion to for Stay and to Compel Arbitration, Exhibit "A" ("Employment Agreement") at page 8, ¶ 7.12.

Plaintiff NACIO SYSTEMS, INC. (hereinafter, "Plaintiff" or "NACIO") has not disputed, and thus has conceded, that the alleged tortious acts (which are denied) took place during the period of employment. Even if there were tortious acts outside of the employment period, however, the clause is broad enough to invoke the arbitration provision since it says: "…arising out of, relating to or in connection with this [Employment] Agreement." Therefore, the arbitration clause undeniably applies. Where a contract contains an arbitration clause, there is a presumption in favor of a motion to arbitrate a particular grievance arising under that contract. *AT&T Techs v Communications Workers of Am.*, 475 U.S. 643, 650 (1986).

Any alleged tortious conduct that took place after the termination of Mr. GOTTLIEB's employment would likewise, as a matter of law, be governed by the arbitration clause in the Employment Agreement. In the Ninth Circuit, to require arbitration, a claim need only "touch matters" covered by the contract containing the arbitration clause. *Simula v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). All doubts are resolved in favor of arbitrability. *Id.* at 724-25. Therefore, Plaintiff's claims, even if they arise from purported conduct after Mr. GOTTLIEB's employment with Plaintiff had ceased, are governed by the arbitration clause in the Employment Agreement.

The Consulting Agreement is enforceable and also contains an arbitration clause. Plaintiff's claims to the contrary have no merit.

Plaintiff claims that the Employment Agreement has been terminated as a result of the

arbitration and was superceded by the Severance Agreement. However, the arbitration did not terminate the arbitration clause in the Employment Agreement. Moreover, there is nothing in the Severance Agreement to indicate that it supercedes or replaces the Employment Agreement.

Plaintiff's collateral estoppel argument is misplaced because the purported "termination" of the Employment Agreement was not argued or decided in the prior court proceeding. To the contrary, that proceeding enforced the Employment Agreement by granting Mr. GOTTLIEB relief under its constructive termination provision.

It is respectfully submitted that Defendants' Motion to Stay Litigation and Compel Arbitration should be granted.[1]

II.  **ARGUMENT**

   **A. The Arbitration Clauses of the Employment and Consulting Agreements Governs Plaintiff's Complaint Because All of the Purported Torts Arose Under, or are Related to, and/or are Connected to, Matters Covered by the Employment Agreement.**

Because of the strong policy favoring arbitration, doubts will be resolved against the party objecting to arbitration "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v Mercury Const. Corp*, 460 U.S. 1, 24 (1983).

Here, the parties entered into two contracts, the Employment Agreement, and the Consulting Agreement, both of which contain arbitration clauses.

Paragraph 7.1 of the Employment Agreement the Employment Agreement provides for the arbitration of:

> "any dispute or controversy arising out of, relating to, or in connection with this [Employment] Agreement, or the interpretation, validity, construction, performance, breach, or termination thereof."

Declaration of Herbert Gottlieb in Support of Motion to for Stay and to Compel Arbitration, Exhibit "A" ("Employment Agreement") at page 8, ¶ 7.12.

---

[1] Defendants claim that the subject claims were all compulsory counterclaims that should have been brought in the prior arbitration and are barred. This defense is appropriately heard by the arbitrator to be appointed.

Similarly, Paragraph 9.1 of the Consulting Agreement provides for arbitration of any dispute:

> "arising out of, relating to or resulting from the Consultant's performances of the Services of this Agreement, including any breach of the Agreement."

Declaration of Herbert Gottlieb in Support of Motion to for Stay and to Compel Arbitration, Exhibit "C."

Here, especially in light of the strong presumption in favor of arbitrability and the broad arbitration provisions in both of these contracts, the allegations raised in Plaintiff's Complaint clearly arise out of, relate to or result from Mr. GOTTLIEB's performance as an employee (or a consultant) of Plaintiff. Therefore, the claims in the Complaint should be arbitrated.

### B. The Plaintiff is Estopped from Disputing the Validity of the Consultant Agreement Because Plaintiff Performed Under the Consultant Agreement Without Ever Disputing Its Validity.

Plaintiff makes much of the fact that it never signed the Consulting Agreement with Mr. GOTTLIEB. Opp., pp. 7-8. In fact, however, Plaintiff accepted the terms of the Consulting Agreement and ratified the Consulting Agreement by paying Mr. GOTTLIEB the $1,000 retainer provided for in the Consulting Agreement, and by paying Mr. Gottlieb's invoices under the Consulting Agreement. Declaration of Herbert Gottlieb ("Gottlieb Dec.") at ¶ 2. Mr. GOTTLIEB has a good-faith belief that the Consulting Agreement is operative because Plaintiff's conduct consistently manifested agreement to the terms and existence of the Consulting Agreement by its conduct. Cal. Civ. C. § 1621. Moreover, Plaintiff never questioned the validity of the Consulting Agreement while Mr. GOTTLIEB was performing under it. Gottlieb Dec. ¶ 3.

### C. Even if the Consulting Agreement Was Not Operative, the Arbitration Provision of the Employment Agreement Applies to Plaintiff's Complaint and is Sufficient to Compel Arbitration.

Even if the Consulting Agreement had never been ratified, however, Plaintiff must still comply with the arbitration provision of the Employment Agreement, which broadly applies to any dispute or controversy "arising out of, relating to, or in connection with the [Employment]

Agreement, or the interpretation, validity, construction, performance, breach, or termination thereof."

Here, it is undisputed that the tortious acts alleged in Plaintiff's Complaint purportedly took place during Mr. GOTTLIEB's employment with Plaintiff or arise from acts and actions during the employment. In the moving papers, movant analyzed each count to show that the allegations pertain to the conduct in the employment period. For example, the Complaint alleges that Mr. GOTTLIEB e-mailed Plaintiff's customer list to himself on March 29, 2006, two days before Plaintiff alleges that Mr. GOTTLIEB ceased being an employee of Plaintiff. Complaint, p. 7 at ¶ 20 (termination date) and p. 8 ¶ 22 (date Mr. GOTTLIEB purportedly e-mailed the information). Similarly, Plaintiff's fourth cause of action, for breach of fiduciary duty and breach of duty of loyalty, is based on Mr. GOTTLIEB's alleged actions while employed by Plaintiff. These actions therefore arose under the Employment Agreement between the parties, and the arbitration provision it contained.

Even if some of the purported conduct allegedly took place after Mr. GOTTLIEB's employment period ceased, the clause is still applicable and operative since the claims "arise out of, relate to" or are "connected to" the Employment Agreement; no claims would be possible absent the employment relationship.

Every court that has construed the language "arising under" has interpreted that phrase broadly. *AT & T Techs.*, 475 U.S. at 650; *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000); *Simula, Inc v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). In *Simula*, for example, the Ninth Circuit Court of Appeals noted that "Courts routinely refer claims for misappropriation of trade secrets to arbitration" where the underlying Employment Agreements limit the use of proprietary information. *Simula*, 175 F.3d at 725.

"To require arbitration, [a plaintiff's] allegations need only 'touch matters' covered by the arbitration clause, and all doubts are to be resolved in favor of arbitrability." *Simula*, 175 F.3d at 724-25, citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 625 fn. 13 (1985) (holding that the exclusion of some areas of possible dispute from the scope of an arbitration clause does not serve to restrict the reach of an otherwise broad clause in the areas in

which it was intended to operate). Clearly, the crux of Plaintiff's copyright infringement, trade secret misappropriation, breach of fiduciary duty and duty of loyalty, unfair competition, theft of corporate opportunity and conversion claims is the theory that Plaintiff abused information he obtained <u>during the course and scope of his employment</u> (even if actions took place after the employment period). Therefore, all of Plaintiff's claims "touch matters" covered by the Employment Agreement, and are subject to its arbitration clause.

Moreover, even assuming the Consulting Agreement was not binding, the mere fact that parties were negotiating another agreement with an arbitration provision is independent and persuasive evidence of a continuing relationship that "touched matters" in the Employment Agreement. It is also evidence of an implicit extension or renewal of the Employment Agreement's written agreement to arbitrate. The California Arbitration Act provides that written agreements to arbitrate, may be "extended or renewed by an oral or implied agreement." Cal. Code Civ. Proc. § 1280, subd. (f); *Jones v Déjà vu, Inc.*, 419 F.Supp. 2d 1146, 1150 (2005) (where the court found that employees "implicitly extended or renewed the arbitration provision" by continuing to perform at defendant's clubs after their employment agreement expired).[2]

### D. The Severance Agreement Did Not Terminate or Supercede the Severance Agreement.

Plaintiff takes the position that the Employment Agreement was "terminated" by the Severance Agreement and merged into it. Opposition, p. 9. In fact, there is no language in the Severance Agreement that terminated or superceded the Employment Agreement. Declaration of Murray Goldenberg in Support of Plaintiff's Opposition ("Goldenberg Dec."), Exhibit "A" ("Severance Agreement"). Rather, while it states that the constructive termination of the Employment Agreement has been triggered, and explicitly waives or relinquishes certain rights owed to Mr. GOTTLIEB under the Employment Agreement in exchange for consideration, nowhere does it state that the Employment Agreement was terminated. For example, it states that Mr. GOTTLIEB is willing to waive his entitlement to "one-year severance for constructive

---

[2] The Employment Agreement states that it should be construed under California law. Declaration of Herbert Gottlieb in Support of Motion to for Stay and to Compel Arbitration, Exhibit "A" ("Employment Agreement") at page 8, ¶ 7.12.

termination" and "any claims to stock pursuant to the employment agreement" provided that he receives other consideration, including accelerated payment of the promissory note amount and the right to keep certain equipment. Severance Agreement, p.1.[3]

In sum, the Severance Agreement presumes the continued validity of the Employment Agreement by stating that its constructive termination clause has been triggered and by explicitly waiving only certain enumerated rights under the Employment Agreement, implicitly reserving others. The Severance Agreement did not terminate the Employment Agreement, nor did it supercede the Employment Agreement.

### E. Collateral Estoppel Does Not Apply Because the Arbitration Agreement Did Not Rule on the Issue of Whether the Employment Agreement Had Been Terminated.

Plaintiff contends that the fact that Mr. GOTTLIEB successfully arbitrated claims for constructive termination under the Employment Agreement somehow estops him from enforcing the arbitration provision of that agreement to claims that clearly arise under and relate to his employment. This argument is groundless and based on a fundamental misunderstanding of the arbitrator's decision in the earlier case.[4]

The Employment Agreement's constructive termination provisions defined the circumstances under which Plaintiff will be found to have constructively terminated Mr. GOTTLIEB, and provides that he will be paid his salary for a year Plaintiff constructively discharges him. Employment Agreement, pp. 4-5 at ¶¶ 5.3 and p. 6 at ¶ 6.4. The arbitrator's decision found that "the factual showing in this case with respect to failure to adhere to the employment agreement's principal terms by nonpayment of commissions and its consequent reduction in his earnings as well as the material changes in his responsibilities equate to constructive termination as defined in Claimant's employment agreement." (RJN.)

---

[3] The Severance Agreement was drafted by Mr. GOTTLIEB, a non-lawyer.
[4] Plaintiff erroneously interprets the arbitrator's finding that Mr. GOTTLIEB was constructively terminated under the Employment Agreement as a finding that the Employment Agreement itself had been terminated.

In other words, not only did the arbitrator's decision not decide that the Employment Agreement had been terminated, it actually enforced the provisions of the Employment Agreement regarding constructive termination. There is no finding of termination.

In order for collateral estoppel to apply, the issue must be identical, actually litigated, and essential to a final judgment in the first action. *Amtel Corp. v. Silicon Storage Tech., Inc.*, 2001 U.S. Dist. LEXIS 25641 (D. Cal. 2001). In addition, the party against whom estoppel is applied must have had a full and fair opportunity to litigate the issue in the first action. *Id*

Here, neither the arbitrator's decision nor the Marin County Superior Court's Order Confirming Petitioner's Contractual Arbitration Award Against Nacio even raise the issue of whether the Employment Agreement has been terminated, much less that the issue was identical, actually litigated, and essential to a final judgment in the first action. There is no indication that the purported termination of the Employment Agreement has been fully and fairly litigated.

"Where an arbitration provision does not contain a temporal limitation, the parties may be compelled to arbitrate despite the fact that the challenged conduct predates the signing of the agreement. Likewise, a party's contractual duty to arbitrate disputes may survive termination of the agreement giving rise to that duty." *Jones v Déjà vu, Inc.*, 419 F.Supp. at 1150 (citations omitted). Therefore, even if the arbitrator had found that the Employment Agreement was terminated, Mr. GOTTLIEB would still be entitled to arbitration of claims arising under or related to his employment.

Plaintiff's position appears to be that since Mr. GOTTLIEB successfully arbitrated an earlier dispute under his Employment Agreement, he is estopped from arbitrating other claims under the Employment Agreement. This is a gross misapplication of the well-established law of collateral estoppel. As discussed earlier, arbitration provisions are broadly construed and all doubts are resolved in favor of arbitration. The purported termination of the Employment Agreement was not litigated in the prior action. Therefore, the doctrine of collateral estoppel does not apply.

### III. CONCLUSION

For the reasons set forth above, demurring Defendant respectfully requests that the Court

grant Defendants' Motion for Order Staying Litigation and Compelling Arbitration of All Claims.

                                                  IDELL & SEITEL LLP

Dated: October 10, 2007          By: _____
                                                   Richard J. Idell
                                                   Ory Sandel
                                                   Elizabeth J. Rest
                                                 Attorneys for Herbert Gottlieb, an individual and SWIdent, LLC, a California Limited Liability Company (erroneously sued as SWIdent, Inc., a limited liability corporation)

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On October 10, 2007, I served the following document(s):

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER STAYING LITIGATION AND COMPELLING ARBITRATION**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

☒ by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

**Andrew H. Schwartz**
**Frank F. Sommers, IV**
Sommers & Schwartz LLP
550 California Street
The Sacramento Tower, Suite 700
San Francisco, CA 94104
Phone: 415-955-0925
Fax: 415-955-0927
Email: ahs@sommersschwartz.com
         ffs@sommersschwartz.com

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

_____
Suzanne Slavens